■ ANDRE F. GATTYAN et al., Appellants, v SCARSDALE UNION FREE SCHOOL DISTRICT No. 1, Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Donovan, J.), entered March 4, 1988, which, upon granting the defendant's motion made at the close of the evidence to dismiss the complaint on the ground that they had failed to present a prima facie case, is in favor of the defendant and against them.

Ordered that the order and judgment is affirmed, with costs.

The infant plaintiff, a high school senior, was injured while sleigh riding on a hill located on the school premises of the

defendant during his scheduled recess period. The trial court, at the close of the evidence, granted the defendant's motion for judgment as a matter of law on the ground that the plaintiffs failed .to establish a prima facie case of negligent supervision. Viewing the evidence in the light most favorable to the plaintiffs, who are entitled to the benefit of all inferences which may reasonably be drawn therefrom *(see, Mc-Cloud v Marcantonio,* 106 AD2d 493, 495; *Santiago v Steinway Trucking,* 97 AD2d 753), we agree that no rational basis existed for the jury to find in the plaintiffs' favor.

The record is devoid of any evidence that sleigh riding by the infant plaintiff and his companions on a moderately steep slope with an inflatable sled designed for that purpose and used in a proper manner constituted dangerous play *(see, Munson v Board of Educ.,* 17 AD2d 687, *affd* 13 NY2d 854). Although the school had a rule forbidding sliding down the slope during school hours, there is no proof that this rule was promulgated for any reason other than preventing classroom distractions. There was no prohibition against sleigh riding on the hill after school hours, which was a common activity among the student body. There had been no reports of any prior injuries.

On the date of the infant plaintiff's accident, a teacher observed the sledders, who were distracting her class. The instructor gestured to the infant plaintiff and his friend to leave the area, closed the blinds of the classroom windows facing the slope and instructed her students to return to their lessons. The infant plaintiff and his companions continued to sleigh ride. The infant plaintiff made 5 or 6 more runs before suffering injuries when he landed on his back after his sled slipped out from under him.

We agree with the plaintiff that the school had a duty to supervise the activities of seniors who remained on school premises during scheduled recess periods *(see, Miller v Board of Educ.,* 291 NY 25; *Lawes v Board of Educ.,* 16 NY2d 302; *Lauricella v Board of Educ.,* 52 AD2d 710). However, a school is not the insurer of the safety of its students *(see, Rock v Central Sq. School Dist.,* 113 AD2d 1008; *Swiatkowski v Board of Educ.,* 36 AD2d 685, 686). The standard of care applicable to a school's supervision of students is that degree of supervision that a parent of ordinary prudence would undertake in comparable circumstances *(Lawes v Board of Educ.,* 16 NY2d 302, 305, *supra; Logan v City of New York,* 148 AD2d 167; *Thompson v Ange,* 83 AD2d 193, 196; *Rock v Central Sq. School Dist., supra).* A parent of ordinary prudence would not

invariably stop his 17-year-old child from sleigh riding absent notice of a special danger. The facts in this case do not spell out any notice of a special danger.

Here, the teacher, who had notice that the rule forbidding sleigh riding during school hours was being violated, made reasonable efforts to enforce the salutary rule enacted to prevent classroom distractions by waving the infant plaintiff and his companions off the slope and closing the blinds of her classroom window *(cf., Germond v Board of Educ.,* 10 AD2d 139). She was not required to take "energetic steps to intervene" in the absence of any notice that the infant plaintiff was engaged in dangerous play *(Lawes v Board of Educ.,* 16 NY2d 302, 305, *supra).* To impose a liability upon the defendant because the teacher did not actively intervene to prevent the prohibited activity, under the circumstances of this case, would effectively impose upon the defendant a standard of care akin to an insurer rather than the standard of a reasonable and prudent parent. Accordingly, the trial court correctly held that, as a matter of law, the defendant did not breach its duty of supervision. Moreover, there was no showing that lack of supervision was the proximate cause of the accident. The infant plaintiff was properly using his inflatable sled on a slope that contained no dangerous condition or defect. The presence or absence of supervision was not a contributory factor in the happening of the accident. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.