■ LISA MERCADO, an Infant, by Her Father and Natural Guardian, LOUIS MERCADO, Respondent, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Golden, J.), entered November 18, 1988, which upon jury verdicts apportioning 70% of the fault in the happening of the accident to the defendant, and 30% to the plaintiff, and finding that the plaintiff sustained $700,000 in damages for pain and suffering, is in favor of the plaintiff and against it in the principal sum of $490,000.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

The infant plaintiff was a third grade student at a public school in Brooklyn. Since she was in a "visually impaired" program, transportation to and from school was provided by the defendant. Each day a "resource teacher" escorted her between the bus and the building. There was no evidence, however, that she did not then go about activities by herself during the school day, or that it was necessary for someone to accompany her wherever she went. The plaintiff testified that, on April 23, 1982, without waiting for her resource teacher, who was engaged in conversation with someone else, she descended stairs by herself, and, while grasping the handrail, she was pushed by a student or students who passed her, causing her to fall and to injure her knee. She attended school for several days thereafter, and did not tell her resource teacher about the accident until the beginning of June 1982.

We conclude that, under the circumstances of this case, there is no basis upon which to find the defendant liable. "[I]t has long been held that a Board of Education is not an insurer of the safety of its students" *(Totan v Board of Educ.,* 133 AD2d 366, 369; *see, Hauser v North Rockland Cent. School Dist. No. 1,* 166 AD2d 553).

In view of our determination, we need not reach the defendant's claim that the award was grossly excessive. Brown, J. P., Lawrence, Kooper and Rosenblatt, JJ., concur.