■ Sylvia Tomlinson, Individually and as Parent and Natural Guardian of Eric Tomlinson, an Infant, Respondent, v Board of Education of the City of Elmira et al., Appellants.—Harvey, J. Appeal from an order of the Supreme Court (Swartwood, J.), entered August 19, 1991 in Chemung County, which denied defendants' motion for summary judgment dismissing the complaint.

On October 22, 1984, Eric Tomlinson, then 11 years old, was a sixth grade student at Riverside Elementary School in the City of Elmira, Chemung County. Because of bad weather that day, Tomlinson and his classmates were required to stay indoors after lunch for the noon recess period rather than being allowed to go outside. While Tomlinson's teacher took her lunch break, a classroom aide would alternately check in on Tomlinson's class and another classroom. Upon entering their classroom, Tomlinson and six other boys proceeded to gather around a table in the back of the classroom and began listening to some tape recordings with the use of earphones, a permitted activity. According to Tomlinson, the volume on the tape player was low and he had to stand up twice to readjust the volume before he sat down again. The second time he went to sit down, however, someone pulled his chair out from under him and Tomlinson fell, hitting his head and sustaining personal injuries. Tomlinson testified that no classroom aide was present in the classroom at the time of his fall. Alleging negligent supervision, plaintiff thereafter commenced this action individually and on her son's behalf against the City's

Board of Education and School District. Issue was joined and defendants subsequently moved for summary judgment. Supreme Court denied the motion and defendants appeal.

We reverse. While it is beyond cavil that a school district is obligated to adequately supervise the activities of students within its charge, it is equally true that a school is not an insurer of its students' safety and will be held liable only for foreseeable injuries proximately related to the absence of supervision *(Hanley v Hornbeck,* 127 AD2d 905, 906). Because plaintiff in this case has failed to produce any proof that negligence on the part of defendants proximately caused the subject accident, defendants' motion for summary judgment should have been granted.

We agree with defendants that, despite vague and rather incredible claims that defendants have violated almost every statute in the Education Law and every regulation promulgated by the Department of Education, there is no convincing evidence that defendants were negligent or acted improperly in having only one classroom aide monitoring two different classes, especially in the absence of any proof of behavioral problems. However, even assuming, arguendo, that it was negligent for the school to not have one aide for each classroom, it is apparent from Tomlinson's own testimony that a lack of supervision was not the proximate cause of his injuries. Tomlinson testified that there was no shoving, wrestling or boisterous behavior at the table where the boys were listening to tapes. In addition, Tomlinson stated that he had no arguments with any of the students there and there were no disagreements. Notably, the boys sitting at the table that day, including the boy initially accused of pulling away the chair, were described by their teacher as nice, hard-working students with no disciplinary problems. From the proof, there is no escaping the conclusion that the accident was caused solely by a sudden and unexpected prank on the part of one of the students that could not be realistically anticipated or prevented, even had an aide been in the classroom *(see, Bertola v Board of Educ.,* 1 AD2d 973). Despite plaintiff's attempts to raise factual questions, the undisputed proof in this case establishes that "[t]he presence or absence of supervision was not a contributory factor in the happening of the accident" *(Gattyan v Scarsdale Union Free School Dist. No. 1,* 152 AD2d 650, 652).

Weiss, P. J., Crew III, Mahoney and Casey, JJ., concur. Ordered that the order is reversed, on the law, without costs,

motion granted, summary judgment awarded to defendants and complaint dismissed.