■ OCTAVIO THOMAS, Respondent, v UNITED STATES SOCCER FEDERATION, INC., et al., Appellants. [653 NYS2d 958] —In an ac-

tion to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Yoswein, J.), dated October 2, 1995, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendants' motion for summary judgment is granted, and the complaint is dismissed.

On the evening of June 18, 1992, the plaintiff Octavio Thomas was injured while participating in a game sponsored by the Cosmopolitan Soccer League (hereinafter Cosmopolitan). According to the plaintiff, the events leading to his injury were precipitated when the opposing team kicked the ball out of bounds. As the plaintiff picked up the ball and prepared to throw it back onto the playing field, he was suddenly attacked by an unidentified member of the opposing team, who punched him twice in the face. When the plaintiff hit his assailant back, 20 to 30 spectators allegedly ran onto the playing field, and some of these individuals jumped on top of the plaintiff. While the spectators and opposing team members held the plaintiff down, the player who had originally attacked him bit off the plaintiff's ear.

The plaintiff subsequently commenced this action against Cosmopolitan, the Eastern New York State Senior Soccer Association, Inc., and the United States Soccer Federation, Inc., alleging that the defendants had negligently failed to provide a properly trained referee to officiate at the game, and failed to maintain a safe playing environment for participants in the league-sponsored game. Following discovery, the defendants moved for summary judgment dismissing the complaint, contending that their alleged negligence was not the proximate cause of the plaintiff's injuries. The Supreme Court thereafter denied the defendants' motion, and the defendants now appeal.

Contrary to the conclusion reached by the Supreme Court, we find that the defendants' motion for summary judgment should be granted. In order to establish a prima facie case of negligence, the plaintiff must show that the defendants' negligence was a " 'substantial cause of the events which produced the injury' " (*Kush v City of Buffalo,* 59 NY2d 26, 32-33, quoting *Derdiarian v Felix Constr. Corp.,* 51 NY2d 308, 315). However, the concept of proximate cause is an elusive one which cannot be precisely defined because it "stems from policy considerations that serve to place manageable limits upon the liability that flows from negligent conduct" (*Derdiarian v Felix Constr. Corp., supra,* at 314) Moreover, where, as here, an intentional or criminal act of a third person intervenes

between the defendant's conduct and the plaintiff's injury, liability will turn upon whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant's negligence (*see, Derdiarian v Felix Constr. Corp., supra,* at 315).

Applying these principals to the essentially undisputed facts set forth by the parties, we find that the defendants' alleged negligence was not the proximate cause of the plaintiff's injuries. Significantly, the plaintiff's deposition testimony reveals that there was no prior history of acrimony between the plaintiff's team and the opposing team, and that the attack on the plaintiff occurred suddenly and without warning (*see, Elba v Billie's 1890 Saloon,* 227 AD2d 438; *Scotti v W.M. Amusements,* 226 AD2d 522). In addition, the plaintiff admitted at his deposition that neither team had any problems with the acting referee's rulings prior to the time the plaintiff was attacked, and there is no indication that the presence of a trained referee could have prevented the assault upon the plaintiff. Under these circumstances, the plaintiff's injuries were not the foreseeable consequence of the defendants' alleged failure to provide adequate security or a properly trained referee (*see, Derdiarian v Felix Constr. Corp., supra*). Bracken, J. P., Santucci, Krausman and McGinity, JJ., concur.