■ KIMBERLY M. WALSH, Individually and as Parent and Guardian of JOHNATHON E. WALSH, an Infant, Respondent, v CITY SCHOOL DISTRICT OF ALBANY, Appellant. [654 NYS2d 859] —Casey, J. Appeal from an order of the Supreme Court (Keegan, J.), entered April 22, 1996 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

Johnathon E. Walsh, a first-grade student at Public School No. 27 in the City of Albany, and a classmate were permitted to go to the bathroom together. While there, Johnathon's finger became caught in the bathroom door, resulting in the amputation of his fingertip. Subsequently his fingertip was surgically reattached. Plaintiff commenced this action in negligence, individually and on behalf of Johnathon, alleging that defendant was negligent in failing to adequately supervise

Johnathon and that the hydraulic device installed on the bathroom door created a dangerous condition, which defendant failed to adequately warn against. Following joinder of issue and some discovery, defendant moved for summary judgment. Supreme Court, not reaching the issues of dangerous condition or failure to warn, denied defendant's motion finding that a question of fact existed regarding the adequacy of defendant's supervision. This appeal ensued.

There must be a reversal. Schools are under a duty to adequately supervise students and can be liable for foreseeable injuries proximately related to the lack of adequate supervision (*see, Mirand v City of New York*, 84 NY2d 44, 49; *Matter of Kimberly S. M. v Bradford Cent. School*, 226 AD2d 85, 87). Schools are not, however, insurers of the safety of their students (*see, Mirand v City of New York, supra*, at 49; *Ceglia v Portledge School*, 187 AD2d 550; *James v Gloversville Enlarged School Dist.*, 155 AD2d 811). Although Johnathon and his classmate engaged in horseplay while in the bathroom and defendant was aware that such inappropriate activity occurred, there is no indication that Johnathon's injury was caused during any horseplay.

There is testimony indicating that Johnathon's classmate may have shut the door on his finger because the classmate did not see Johnathon there. Accepting this testimony as true, this would constitute an intervening act of a third party relieving defendant of liability (*see, Ceglia v Portledge School, supra*). Plaintiff further asserts that regardless of how the injury occurred, the presence of a supervisor could have kept Johnathon and/or his classmate attentive and the injury would have been prevented. Schools are not under a duty to guarantee safety and, therefore, we find this assertion unpersuasive. Moreover, even conceding the fact that first-grade children are energetic, physical and easily distracted, the manner in which Johnathon's injury occurred could have happened even if he had been supervised. As such, no liability can be imposed (*see, Tomlinson v Board of Educ.*, 183 AD2d 1023, 1024; *Swiatkowski v Board of Educ.*, 36 AD2d 685, 686).

Furthermore, we find no evidence that the bathroom door constituted a dangerous condition. In any event, there is no evidence that defendant had actual or constructive notice that any defective or dangerous condition existed. As such, no liability can be imposed (*see, Warren v Wilmorite, Inc.*, 211 AD2d 904, 905). We conclude that in these circumstances defendant's motion for summary judgment should be granted.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur.

Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.