■ ALEXANDRA VONUNGERN, an Infant, by MARY A. K. IMBI-EROWICZ, Her Parent and Guardian, et al., Respondents, v MORRIS CENTRAL SCHOOL, Appellant. [658 NYS2d 760] —Cardona, P. J. Appeals (1) from an order of the Supreme Court (Ingraham, J.), entered June 25, 1996 in Otsego County, which denied defendant's motion to dismiss the complaint for failure to prosecute, and (2) from an order of said court, entered December 3, 1996 in Otsego County, which denied defendant's motion for summary judgment dismissing the complaint.

On June 6, 1988, plaintiff Alexandra Vonungern (hereinafter plaintiff), then six years old, fractured an elbow when, during a recess, she fell from the monkey bars in defendant's playground in the Village of Morris, Otsego County. According to plaintiff, she had been traversing the monkey bars in a hand-over-hand manner when another student pried her fingers from the bars. At the time of the incident, there were two first grade classes on the playground and there were approximately 15 to 20 students in each class. There were two teachers on the playground supervising the children. In 1989, plaintiff's mother commenced this action on behalf of herself and plaintiff. The complaint alleged, *inter alia*, that defendant was negligent by failing to keep the playground in a reasonably safe condition and in failing to properly supervise the recess. Following joinder of issue, defendant moved for summary judgment which was denied and this appeal followed.*

In our view, Supreme Court properly denied defendant's motion for summary judgment. With respect to the negligent supervision allegations, it is well settled that although schools are not insurers of the safety of their students, "[s]chools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49). The question of whether certain school behavior was reasonable and a proximate cause of the injury are generally questions of fact (*see, Cavello v Sherburne-Earlville Cent. School Dist.*, 110 AD2d 253, 255, *lv dismissed* 67 NY2d 601).

Here, although defendant maintains that the playground

* We note that defendant also filed a notice of appeal from Supreme Court's earlier order denying its motion to dismiss the complaint for failure to prosecute; however, defendant has withdrawn that portion of its appeal.

was adequately monitored by the two first grade teachers on duty and that the accident was not foreseeable, we nevertheless find that the record contains questions of fact precluding the grant of summary judgment on the supervision issue. It appears that neither teacher witnessed plaintiff's fall. Although there is some proof indicating that one of the teachers was occasionally monitoring the playground area, plaintiff's teacher, Lucy Holcombe, stated that both she and the other teacher were planting a garden with other students at the time of the accident and she only turned around from that activity upon hearing the "uproar" after plaintiff's fall.

While defendant characterizes plaintiff's injuries as being "caused solely by a sudden and unexpected prank on the part of one of the students that could not be realistically anticipated or prevented" (*Tomlinson v Board of Educ.*, 183 AD2d 1023, 1024; *see, Walsh v City School Dist.*, 237 AD2d 811), that is not proven dispositively on this record. Specifically, although neither teacher stated that they noticed any "horseplay" or children being forced from the monkey bars, plaintiff stated that, prior to her fall, she had actually been engaged in an ongoing game of "tag" and on at least one occasion during the game before the accident, she had her fingers pried off the bars whereupon she landed on her feet without injury. Given this proof and the fact that the accident occurred on a playground, "a place where close supervision of the children is all but mandatory" (*Ohman v Board of Educ.*, 300 NY 306, 310), we cannot find as a matter of law that " '[t]he presence or absence of supervision was not a contributory factor in the happening of the accident' " (*Tomlinson v Board of Educ., supra*, at 1024, quoting *Gattyan v Scarsdale Union Free School Dist. No. 1*, 152 AD2d 650, 652; *see, Logan v City of New York*, 148 AD2d 167, 171).

We similarly conclude that the record contains issues of fact on whether the playground was reasonably safe. As revealed by the record, the parties disagree as to the nature of the material under the monkey bars at the time of the accident and the appropriateness of the various surfaces with respect to children's playgrounds. In fact, defendant's own proof differed as to the composition of the substance beneath this equipment at the time of the accident. In our view, defendant failed to submit proof in admissible form proving that a particular substance was present and was safe on the date of the accident so as to meet its initial burden on the summary judgment motion (*see*, CPLR 3212 [b]). Thus, under the circumstances, we conclude that it would have been inappropriate for Supreme

Court to grant defendant's motion with respect to plaintiff's claims that the hazardous condition of the playground surface caused or exacerbated her injuries.

Defendant's remaining arguments have been examined and found to be unpersuasive.

Mercure, Crew III, White and Carpinello, JJ., concur. Ordered that the appeal from the order entered June 25, 1996 is dismissed. Ordered that the order entered December 3, 1996 is affirmed, with costs.