■ WENDI HILF et al., Respondents, v MASSAPEQUA UNION FREE SCHOOL DISTRICT, Appellant. [664 NYS2d 624] —In a negligence action to recover damages for personal injuries, etc., the defendant appeals (1) from an order of the Supreme Court, Nassau County (Burke, J.), entered July 31, 1996, which denied

its motion for summary judgment, and (2) from an order of the same court, dated January 21, 1997, which denied its motion for leave to reargue the prior motion for summary judgment.

Ordered that the appeal from the order dated January 21, 1997, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered July 31, 1996, is reversed, on the law, the motion for summary judgment is granted, and the complaint is dismissed; and it is further,

Ordered that the appellant is awarded one bill of costs.

The infant plaintiff, a 14-year-old, 7th-grade student at the defendant's Alfred G. Berner Junior High School on the date of the accident, was injured as she was walking towards her bus to go home at the end of the school day. It was raining and conditions were icy. Rather than walk through the parking lot to get to her bus, the plaintiff decided to take a short cut across a snow-covered, grassy area where she slipped and fell.

"It is well established that a school is not the insurer of the safety of the students and it is only under a duty to exercise the degree of reasonable care that a parent of ordinary prudence would have exercised under comparable circumstances (*see, Ohman v Board of Educ.,* 300 NY 306)" (*Hauser v North Rockland Cent. School Dist. No. 1,* 166 AD2d 553, 554; *see also, Ceglia v Portledge School,* 187 AD2d 550; *Gattyan v Scarsdale Union Free School Dist. No. 1,* 152 AD2d 650). In this case, it is clear that the defendant fulfilled its duty of exercising reasonable care by clearing the parking lot of snow and thereby providing the students with a means of safe passage to their buses. To hold that the defendant had a duty to also clear snow from the unpaved, grassy areas of the school grounds would effectively impose a standard of care more nearly that of an insurer rather than of a reasonable and prudent parent (*see, Gattyan v Scarsdale Union Free School Dist. No. 1, supra,* at 652). Accordingly, the defendant's motion for summary judgment should have been granted (*see also, Kurshals v Connetquot Cent. School Dist.,* 227 AD2d 593; *Ackermann v Town of Fishkill,* 201 AD2d 441; *Mercado v Board of Educ.,* 168 AD2d 611; *Dello v State of New York,* 105 AD2d 571). Thompson, J. P., Pizzuto, Joy and Florio, JJ., concur.