■ Lee Foster, Individually and as Parent and Guardian of David Foster, an Infant, Respondent, v New Berlin Central School District, Appellant, et al., Defendant. [667 NYS2d 994] —Carpinello, J. Appeal from an order of the Supreme Court (Ingraham, J.), entered January 13, 1997 in Chenango County, which denied defendant New Berlin Central School District's motion for summary judgment dismissing the complaint against it.

First-grader David Foster was injured on the playground at New Berlin Elementary School on January 6, 1993 chasing defendant Arthur Peek, a fellow student, because Peek had just pushed Foster's brother. During the chase, Foster tripped and

fell and Peek jumped on his leg. The five classes on recess at the time of the incident were being monitored by three teachers. Plaintiff's negligence action against defendant New Berlin Central School District (hereinafter defendant) is based, *inter alia*, on its failure to maintain a safe environment and to provide adequate supervision of the children. At issue on this appeal is the propriety of Supreme Court's denial of defendant's motion for summary judgment.

School districts are under a duty to adequately supervise students in their care and will be liable for foreseeable injuries proximately related to the absence of adequate supervision (*see, Mirand v City of New York*, 84 NY2d 44; *Tomlinson v Board of Educ.*, 183 AD2d 1023). They are not, however, insurers of safety and will not be held liable "for every thoughtless or careless act by which one pupil may injure another" (*Lawes v Board of Educ.*, 16 NY2d 302, 306). Even assuming that a triable issue of fact may exist with respect to defendant's negligent supervision on the playground, liability does not lie absent a showing that it constituted a proximate cause of Foster's injuries (*see, Tomlinson v Board of Educ., supra; Schlecker v Connetquot Cent. School Dist.*, 150 AD2d 548).

The entire incident between Peek and Foster lasted only a few moments. Foster's accidental fall was precipitated by the pushing incident between Peek and his brother and promptly culminated in Peek's unanticipated act of jumping on Foster's leg. Foster denied that any similar incidents occurred between himself and Peek in the past (*cf., Maynard v Board of Educ.*, 244 AD2d 622; *Rodriguez v Board of Educ.*, 104 AD2d 978). Moreover, according to Foster, no previous altercation or incident occurred between them on that day (*see, Tomlinson v Board of Educ., supra; cf., Vonungern v Morris Cent. School*, 240 AD2d 926). Given the lack of prior similar conduct on Peek's part and the alacrity with which Foster's injury occurred from the initial push by Peek of Foster's brother, defendant could not have reasonably anticipated or prevented Peek's sudden and spontaneous conduct (*see, Danna v Sewanhaka Cent. High School Dist.*, 242 AD2d 361; *Tomlinson v Board of Educ., supra*), which was the sole proximate cause of Foster's injuries (*see, Rock v Central Sq. School Dist.*, 113 AD2d 1008). Since "the manner in which [Foster's] injury occurred could have happened even if [the children] had been supervised" (*Walsh v City School Dist.*, 237 AD2d 811, 812), summary judgment should have been granted to defendant.

Cardona, P. J., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, without

costs, motion granted, summary judgment awarded to defendant New Berlin Central School District and complaint dismissed against it.