■ EUGENE F. PRATT, JR., et al., Appellants, v BOARD OF COOPERATIVE EDUCATIONAL SERVICES, Respondent. [674 NYS2d 838] —Carpinello, J. Appeal from a judgment of the Supreme Court (Seibert, Jr., J.), entered March 20, 1997 in Warren County, upon a verdict rendered in favor of defendant.

This action arises out of a December 10, 1993 incident whereby plaintiff Eugene F. Pratt, Jr. (hereinafter plaintiff) was injured while participating in a vocational class designed to teach basic construction techniques when a platform he and four other students were lifting unexpectedly fell on his ankle. As a result of plaintiff's injuries, he and his mother, derivatively, commenced this lawsuit alleging one cause of action in negligence asserting a breach of defendant's duty to adequately supervise its students. Following a trial, the jury rendered a verdict in favor of defendant and a judgment was entered dismissing the complaint. Plaintiffs appeal.

We affirm. We are unpersuaded by plaintiffs' contention that the jury's verdict was against the weight of the evidence. A verdict may be successfully challenged on this basis only when " 'the evidence so preponderate[d] in favor of the [plaintiff] that [the verdict] could not have been reached on any fair interpretation of the evidence' " (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746, quoting *Moffatt v Moffatt*, 86 AD2d 864, *affd* 62 NY2d 875). It is well settled that "a school is not an insurer of the safety of its students; it is, nonetheless, obligated to adequately supervise the activities of the students under its care and [would] be held liable for foreseeable injuries which [were] proximately related to the absence of supervision" (*Malik v Greater Johnstown Enlarged School Dist.*, 248 AD2d 774, 775; *see, Mirand v City of New York*, 84 NY2d 44, 49). Thus, the duty owed by defendant to plaintiff was that of a reasonably prudent parent (*see, Kennedy v Waterville Cent. School Dist.*, 172 AD2d 1019, 1020).

Here, the evidence established that plaintiff was enrolled in a class specifically to learn basic construction techniques and the curriculum included the proper procedure to follow when lifting and putting down heavy objects. Students were taught to lift using their legs, not their backs, to communicate with each other while lifting and to tell their instructor if the object was too heavy. Prior to the accident, the students, including plaintiff, had lifted and lowered other heavy objects as part of their coursework. Notably, Joanne Bemis, the teaching assistant in charge at the time, stated that although she was standing within five feet of the students, no one expressed any reservation about lifting the platform and during the lift no one communicated to her that there was a problem, something that they had been taught to do if an object became too heavy. Bemis testified that when the platform was lowered to around shoulder level, one of the students suddenly yelled "drop it" and the platform immediately fell, striking plaintiff before he could get out of the way.

Significantly, plaintiff's own testimony was in agreement with Bemis' testimony as to how the students were taught to lift and lower heavy objects. Plaintiff admitted that he did not tell Bemis prior to the accident that the platform was too heavy. Given the trial testimony, the jury could fairly conclude that plaintiff was injured as a result of a sudden and spontaneous incident that could neither have been anticipated nor prevented by school personnel (*see, e.g., Foster v New Berlin Cent. School Dist.*, 246 AD2d 880).

We have examined plaintiffs' challenges to the jury charge and find them to be either lacking in merit or nonprejudicial error. In our view, Supreme Court properly instructed the jury as to the potential negligence of defendant in its capacity as a school (*see*, PJI 2:227).* Nor are we persuaded by plaintiffs' claim that Supreme Court's answer to two questions from the jury regarding clarification as to the definition of negligence led to confusion. Significantly, after the two questions were answered, the jury immediately reached a unanimous verdict.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* One of plaintiffs' contentions of error with respect to the jury charge concerns Supreme Court's charge that defendant was under a duty to use special care as set forth in the Pattern Jury Instructions (PJI 2:15), a provision that was read to the jury at plaintiffs' insistence. Although this charge was actually given in error (*see, Krey v Board of Educ.*, 202 AD2d 397), the error was harmless in that defendant was not prejudiced given the jury's verdict in its favor.