■ In the Matter of DEBORA BANKS, Individually and as Guardian of COURTNEY YOUNG, Appellant, v CITY SCHOOL DISTRICT OF ALBANY, Respondent. [682 NYS2d 474] —Carpinello, J. Appeal from an order of the Supreme Court (Hughes, J.), entered January 15, 1998 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this negligence action against defendant seeking to recover for the injuries sustained by her fourth-grade daughter, Courtney Young, as a result of a fall on school property shortly after dismissal on the afternoon of February 27, 1995. Supreme Court's order granting summary judgment in favor of defendant has prompted this appeal. Plaintiff's sole argument on appeal relates to defendant's alleged failure to properly supervise Young.

According to Young, she was walking on a sidewalk in front of the school when she observed what appeared to be a thrown snowball on the sidewalk's edge which she described to be "the size of a small bowl". Although there was plenty of room to avoid the chunk of snow, Young deliberately stepped on it because she "thought it would be easy to crush". In so doing, she fell and injured herself.

"School districts are under a duty to adequately supervise students in their care and will be liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Foster v New Berlin Cent. School Dist.*, 246 AD2d 880, 881; *see*, *Mirand v City of New York*, 84 NY2d 44; *Tomlinson v Board of Educ.*, 183 AD2d 1023). Even assuming that a triable issue of fact exists with respect to defendant's negligent supervision, liability does not lie absent a showing that it constituted a proximate cause of Young's injuries (*see*, *Foster v New Berlin Cent. School Dist.*, *supra*; *Tomlinson v Board of*

*Educ., supra*). Here, " '[t]he presence or absence of supervision was not a contributory factor in the happening of the accident' " (*Tomlinson v Board of Educ., supra*, at 1024, quoting *Gattyan v Scarsdale Union Free School Dist. No. 1*, 152 AD2d 650, 652; cf., *Vonungern v Morris Cent. School*, 240 AD2d 926). It is undisputed that Young fell because she made a spontaneous and voluntary decision to step on a small chunk of snow on the sidewalk. Having made this choice, plaintiff cannot now recover from defendant for Young's resulting injuries since "the manner in which [Young's] injury occurred could have happened even if [s]he had been supervised" (*Walsh v City School Dist.*, 237 AD2d 811, 812).

As a final matter, we note that whether Young fell on the sidewalk while walking, as claimed by plaintiff in her complaint and bill of particulars, or in a grassy area adjacent to the sidewalk during a game of tag, as asserted by her friends and school personnel and now argued by plaintiff on appeal, is of no moment. Although there was conflicting evidence as to where Young fell and what Young was doing prior to falling, no witness disputed Young's testimony that she fell after intentionally stepping on the chunk of snow.

Cardona, P. J., Mercure, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.