■ ROBERT JENNINGS et al., Respondents, v OCEANSIDE UNION FREE SCHOOL DISTRICT, Appellant. [719 NYS2d 271] —In

an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Ort, J.), dated March 9, 2000, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

A school is not an insurer of the safety of its students (*see, Mirand v City of New York*, 84 NY2d 44, 49; *Farrukh v Board of Educ.*, 227 AD2d 440). Rather, a school is obligated to exercise such care over students in its charge that a parent of ordinary prudence would exercise under comparable circumstances (*see, Mirand v City of New York, supra*; *Ohman v Board of Educ.*, 300 NY 306; *Ceglia v Portledge School*, 187 AD2d 550). Under this standard of care, a school will be held liable only for foreseeable injuries proximately related to the absence of adequate supervision (*see, Mirand v City of New York, supra*; *Pratt v Board of Coop. Educ. Servs.*, 251 AD2d 949; *Foster v New Berlin Cent. School Dist.*, 246 AD2d 880; *Gattyan v Scarsdale Union Free School Dist. No. 1*, 152 AD2d 650).

The defendant demonstrated its prima facie entitlement to judgment as a matter of law by establishing that the infant plaintiff's injuries resulted from a sudden and unforeseeable act (*see, Ascher v Scarsdale School Dist.*, 267 AD2d 339; *Malik v Greater Johnstown Enlarged School Dist.*, 248 AD2d 774; *Walsh v City School Dist.*, 237 AD2d 811; *Tomlinson v Board of Educ.*, 183 AD2d 1023; *Hauser v North Rockland Cent. School Dist. No. 1*, 166 AD2d 553), and not from any negligence attributable to the defendant. In opposition, the plaintiffs' conclusory and speculative submissions failed to demonstrate the existence of any genuine issue of fact. Accordingly, the defendant's motion should have been granted. S. Miller, J. P., McGinity, Luciano and Smith, JJ., concur.