■ JEFFREY SHOEMAKER, Individually and as Parent and Guardian of JEREMY SHOEMAKER, an Infant, Respondent, v WHITNEY POINT CENTRAL SCHOOL DISTRICT, Appellant. [750 NYS2d 355] —Mercure, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered April 9, 2002 in Broome County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff brought this action to recover for injuries sustained by his son, Jeremy Shoemaker, during a December 20, 2000 altercation with a fellow student on the playground of Whitney Point Middle School in the Town of Whitney Point, Broome

County. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint upon the ground that it was not negligent in its supervision of the students and that such negligence was not in any event a proximate cause of Jeremy's injuries because the altercation was an "unanticipated intervening act." Supreme Court denied the motion, and defendant appeals.

We affirm. It is well settled that "[s]chools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49). The adequacy of supervision and whether the lack thereof was a proximate cause of a particular injury are generally questions of fact (*see Vonungern v Morris Cent. School*, 240 AD2d 926, 926).

Although defendant supported its motion with competent evidence that, if uncontroverted, would have established that defendant had no reason to anticipate the altercation and, once underway, the altercation was of such a short duration that defendant could have done nothing to prevent the injury to Jeremy (*see e.g. Walsh v City School Dist. of Albany*, 237 AD2d 811; *Tomlinson v Board of Educ. of City of Elmira*, 183 AD2d 1023, 1024), plaintiff opposed the motion with contrary evidence tending to establish that the aggressor pursued Jeremy for as long as two minutes while a schoolteacher watched from a nearby doorway. Given that evidence and the fact that no school personnel were present on the playground at the time of the incident, we conclude that there is an unresolved factual issue as to whether, had school personnel been in a position to intercede on Jeremy's behalf, such intervention may have prevented his injuries (*see Thomas v Board of Educ. of Kingston City Consol. School Dist.*, 291 AD2d 710; *Vonungern v Morris Cent. School, supra*).

Contrary to the views of our dissenting colleagues, our holding is not contrary to this Court's decision in *Foster v New Berlin Cent. School Dist.* (246 AD2d 880) or of the Second Department decisions in *Janukajtis v Fallon* (284 AD2d 428) and *Convey v City of Rye School Dist.* (271 AD2d 154). In *Foster*, our decision was premised on the fact that the five classes on recess at the time of the incident were being monitored by three teachers and the entire incident "lasted only a few moments" (*Foster v New Berlin Cent. School Dist., supra* at 881). In both *Janukajtis* and *Convey*, the holding was that lack of supervision is not the proximate cause of the injury where the accident occurs in so short a span of time that " 'even the most

intense supervision could not have prevented it' " (*Janukajtis v Fallon, supra* at 430, quoting *Convey v City of Rye School Dist., supra* at 160). This is not such a case. We underscore that our holding is based upon the lack of a monitor on the playground at the time of the incident and evidence that the entire incident lasted far longer than a few moments.

In view of our determination, it is not necessary to reach plaintiff's alternative argument for affirmance.

Cardona, P.J., and Kane, J., concur.

Carpinello, J. (dissenting). We respectfully dissent. In our view, the facts in this case are virtually indistinguishable from those in *Foster v New Berlin Cent. School Dist.* (246 AD2d 880). In that case, this Court found that an incident of a "few moments" duration involving one student chasing another on a school playground and ending in an injury-producing fall could not have been prevented even if the students had been properly supervised by school personnel. Accordingly, we granted the defendant school district summary judgment. That is precisely what happened here.

According to Jeremy Shoemaker, who was 13 years old at the time of the incident, at the end of a recess period as the students were returning to the building, he kicked snow on a fellow student who, in turn, chased him "for about 20 feet and then jumped on [him]." Although the observing teacher estimated that the entire incident happened in less than 10 seconds, according to Jeremy, it took "[a]bout a minute, minute and a half." Another student on the playground, who himself not coincidentally has a similar suit against defendant, averred that Jeremy had been chased "for about two minutes" prior to the fall. In our view, even crediting the latter time estimates, as we must, there still is no issue of fact to survive summary judgment. Two middle school students chasing each other on a playground, even for two minutes, is such a commonplace activity, occurring every day on every school playground, that it cannot be notice of anything. Unless all students are to be forbidden from running after one another, every chase which concludes in an injury-producing fall has the prospect of becoming a lawsuit worthy of surviving summary judgment.

As the majority aptly notes, school districts are liable only for foreseeable injuries proximately related to a lack of proper supervision. As in *Foster v New Berlin Cent. School Dist. (supra)*, the participants in this chase had never been involved in a fight previously and no prior incident had occurred between them on the date in question. Thus, defendant "had [no] sufficiently specific knowledge or notice of the dangerous

conduct which caused [the] injury" (*Mirand v City of New York*, 84 NY2d 44, 49), a requirement for the imposition of liability in cases of this type. The majority's holding is contrary to not only this Court's decision in *Foster*, but also directly contradicts other nearly identical recess/horseplay cases which have held that injuries caused by the "impulsive, unanticipated act[s] of * * * fellow student[s] ordinarily will not give rise to a finding of negligence absent proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing act" (*Janukajtis v Fallon*, 284 AD2d 428, 429-430; *see Convey v City of Rye School Dist.*, 271 AD2d 154, 159).

Lastly, the majority's characterization of this incident as an "altercation" is unsupported by the record. Rather, the only possible "altercation" occurred at the end of this schoolyard chase when one student jumped on another. As aforesaid, this "sudden and unexpected prank" (*Tomlinson v Board of Educ. of City of Elmira*, 183 AD2d 1023, 1024) could not have been prevented regardless of the level of supervision.

Accordingly, we would reverse and grant summary judgment to defendant.

Peters, J., concurs. Ordered that the order is affirmed, with costs.