■ DILLON FRAIOLI, Appellant, v CITY OF NEW ROCHELLE, Defendant, and DANIEL WEBSTER SCHOOL et al., Respondents. [775 NYS2d 559]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered April 16, 2003, which granted the motion of the defendants Daniel Webster School and New Rochelle Board of Education for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

On May 8, 2000, the infant plaintiff, then a third grade student at the respondent Daniel Webster School located in New Rochelle, allegedly was injured when he fell during a supervised gym class while participating in a parachute activity. The premises were owned by the respondent City of New Rochelle Board of Education.

A school has a duty to exercise the same degree of care toward its students as would a reasonably prudent parent under comparable circumstances (*see Lawes v Board of Educ. of City of N.Y.,* 16 NY2d 302, 305 [1965]; *Hoose v Drumm,* 281 NY 54, 57-58 [1939]; *cf. Mirand v City of New York,* 84 NY2d 44, 49 [1994]; *Rodriguez v Board of Educ. of City of N.Y.,* 104 AD2d 978, 979 [1984]). However, a school is not an insurer of its students' safety (*see Opalek v West Islip Union Free School Dist.,* 1 AD3d 491 [2003]; *cf. Mirand v City of New York, supra*) and will only be held liable if the injury in question was foreseeable and proximately linked to a failure to supervise (*see Jennings v Oceanside Union Free School Dist.,* 279 AD2d 507, 508 [2001]).

The respondents established their prima facie entitlement to judgment as a matter of law by demonstrating that the infant plaintiff's injuries resulted from an accidental fall during an age-appropriate supervised activity and not from any negligence attributable to them (*see Jennings v Oceanside Union Free School Dist., supra*).

In opposition, the plaintiff's conclusory and speculative submissions failed to demonstrate the existence of a triable issue of fact (*see Dremeaux v St. Francis Cemetery,* 303 AD2d 542, 543 [2003]; *Wallach v American Home Prods. Corp.,* 300 AD2d 576, 577 [2002]). Prudenti, P.J., Ritter, Luciano and Crane, JJ., concur.