■ BRENDAN KRUMBIEGEL et al., Respondents, v RIVERHEAD CENTRAL SCHOOL DISTRICT, Appellant. [830 NYS2d 762]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Costello, J.), dated March 27, 2006, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]). However, "[s]chools are not insurers of safety . . . for they cannot reasonably be expected to continuously supervise and control all movements and activities of students" (*Mirand v City of New York, supra* at 49; *see Lawes v Board of Educ. of City of N.Y.*, 16 NY2d 302, 306 [1965]; *Hilf v Massapequa Union Free School Dist.*, 245 AD2d 261, 262 [1997]). Rather, a school is obligated to exercise such care over students in its charge as a parent of ordinary prudence would exercise under comparable circumstances (*see Jennings v Oceanside Union Free School Dist.*, 279 AD2d 507, 508 [2001]; *see also David v County of Suffolk*, 1 NY3d 525, 526 [2003]; *Ohman v Board of Educ. of City of N.Y.*, 300 NY 306, 309 [1949]; *Gattyan v Scarsdale Union Free School Dist. No. 1*, 152 AD2d 650, 651 [1989]).

The defendant failed to satisfy its initial burden of establishing its entitlement to judgment as a matter of law. Accordingly, there is no need to review the plaintiffs' papers submitted in opposition to the defendant's motion for summary judgment. Rivera, J.P., Skelos, Dillon and Covello, JJ., concur.