■ Michael Guzman, Appellant, v New York City Department of Education, Respondent. [852 NYS2d 789]—

The plaintiff, an infant, was injured when a door at his school closed on his thumb as he was exiting the school with the rest of his class. At trial, after the plaintiff and his mother testified, the plaintiff rested and the defendant moved to dismiss the action for failure to prove a prima facie case. That motion was granted, and the plaintiff appeals. We affirm.

While a school is obligated to adequately supervise the students in its care and may be held liable for foreseeable injuries proximately related to inadequate supervision, it is not an insurer of the safety of its students (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]). Here, the plaintiff failed to produce any evidence of the defendant's negligence which was a proximate cause of the plaintiff's injury. The general assertion that had there been more or better supervision, the injury could have been prevented, cannot suffice to make a prima facie case (*see Walsh v City School Dist. of Albany*, 237 AD2d 811 [1997]). Rivera, J.P., Lifson, Angiolillo and Balkin, JJ., concur.