■ VICTOIRE MARIE POCHAT, an Infant, by Her Mother and Natural Guardian, SHERI ANN POCHAT, et al., Respondents, v MONROE WOODBURY CENTRAL SCHOOL DISTRICT, Appellant. [23 NYS3d 301]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Orange County (Bartlett, J.), dated April 13, 2015, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On March 20, 2012, the plaintiff Victoire Marie Pochat (hereinafter the infant plaintiff) allegedly fell from monkey

bars onto the playground surface during recess at school. At the time of the accident, the infant plaintiff was a third-grade student at North Main Elementary School, located in the Town of Monroe, Orange County, which was under the control of the defendant.

In support of its motion for summary judgment, the defendant failed to demonstrate, prima facie, that the ground cover underneath the monkey bars was maintained in a reasonably safe condition on the date of the accident (*see Prosser v County of Erie*, 244 AD2d 942 [1997]; *Vonungern v Morris Cent. School*, 240 AD2d 926 [1997]; *cf Y.H. v Town of Ossining*, 99 AD3d 760, 761-762 [2012]; *Giulini v Union Free School Dist. #1*, 70 AD3d 632, 634 [2010]; *Gray v South Colonie Cent. School Dist.*, 64 AD3d 1125, 1129 [2009]; *Banks v Freeport Union Free School Dist.*, 302 AD2d 341 [2003]). Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging premises liability, it is unnecessary to consider the plaintiffs' opposition papers with respect to that cause of action (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

With respect to the plaintiffs' cause of action alleging negligent supervision, the defendant failed to demonstrate, prima facie, that the infant plaintiff was adequately supervised at the time of the accident or that its alleged negligent supervision was not a proximate cause of the accident (*see Mirand v City of New York*, 84 NY2d 44 [1994]). Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging negligent supervision, it is unnecessary to consider the plaintiffs' opposition papers with respect to that cause of action (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Hall, J.P., Austin, Roman and Barros, JJ., concur.