Geraldi v Merrick Union Free Sch. Dist. (2018 NY Slip Op 03665)





Geraldi v Merrick Union Free Sch. Dist.


2018 NY Slip Op 03665


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2017-07606
 (Index No. 6262/14)

[*1]Luca G. Geraldi, etc., respondent, 
v
Merrick Union Free School District, appellant.


Congdon, Flaherty, O'Callghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Christine Gasser and Kathleen D. Foley of counsel), for appellant.
The Law Offices of Thomas F. Liotti, LLC, Garden City, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Anna R. Anzalone, J.), entered May 30, 2017. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff alleges that on September 9, 2013, when he was five years old and in a kindergarten class at the Birch Elementary School in Merrick, he fell from monkey bars while on one of the school's playgrounds and broke his left arm. The plaintiff's father commenced this personal injury action on behalf of the plaintiff against the defendant, Merrick Union Free School District, alleging negligent supervision. The defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, and the defendant appeals.
Contrary to the defendant's contention, it failed to demonstrate that the plaintiff was adequately supervised at the time of the subject accident or that its alleged negligent supervision was not a proximate cause of the subject accident (see J.M. v North Babylon Union Free Sch. Dist., 145 AD3d 978; Pochat v Monroe Woodbury Cent. Sch. Dist., 135 AD3d 727, 728; see also Vonungern v Morris Cent. School, 240 AD2d 926, 928). Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint, it is unnecessary to consider the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendant's remaining contention is not properly before this Court (see generally NYCTL 2011-A Trust v Master Sheet Co., 150 AD3d 755, 756; Glassman v Prohealth Ambulatory Surgery Ctr., Inc., 96 AD3d 801, 801-802).
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint.
MASTRO, J.P., BALKIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court