C.Q. v Farmingdale Union Free Sch. Dist. (2020 NY Slip Op 02944)





C.Q. v Farmingdale Union Free Sch. Dist.


2020 NY Slip Op 02944


Decided on May 20, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2019-04558
 (Index No. 605419/16)

[*1]C.Q., etc., et al., respondents,
v
Farmingdale Union Free School District, appellant, et al., defendant.


Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for appellant.
Marc J. Bern & Partners LLP, New York, NY (Philip R. Berwish of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Farmingdale Union Free School District appeals from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered April 11, 2019. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The infant plaintiff allegedly was injured when he jumped or fell off the top step of a mock rock climbing wall on the school playground. The infant plaintiff, by his mother, and his mother individually, commenced this action against the Farmingdale Union Free School District (hereinafter the School District), and another defendant, asserting a cause of action to recover damages for negligent supervision. The School District moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied the motion, and the School District appeals.
The School District failed to establish, prima facie, that the infant plaintiff was adequately supervised at the time of the accident, or that the incident occurred in such a short span of time that it could not have been prevented (see M.P. v Mineola Union Free Sch. Dist., 166 AD3d 953; Luciano v Our Lady of Sorrows School, 79 AD3d 705; Peuplie v Longwood Cent. School Dist., 49 AD3d 837, 839). Accordingly, we agree with the Supreme Court's determination to deny the School District's motion for summary judgment dismissing the complaint insofar as asserted against it, regardless of the sufficiency of the plaintiff's opposition papers (see Pochat v Monroe Woodbury Cent. Sch. Dist., 135 AD3d 727, 728; Duffy v Long Beach City Sch. Dist., 134 AD3d 761, 764).
CHAMBERS, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court