Alexander v Rippe

2026 NY Slip Op 02015

April 2, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

James Alexander, Appellant,

v

Dylan Rippe et al., Defendants, and Chili Soccer Association, Inc., et al., Respondents.

Decided and Entered:April 2, 2026

CV-24-2084

Calendar Date: February 9, 2026

Before: Clark, J.P., Ceresia, Powers And Corcoran, JJ.

Mandel Clemente, PC, East Greenbush (Linda A. Mandel Clemente of counsel), for appellant.

Law Offices of Kevin P. Westerman, Elmsford (Gregory Perrotta of counsel), for respondents.

[*1]

Powers, J.

Appeal from that part of an order of the Supreme Court (Richard Kupferman, J.), entered November 18, 2024 in Saratoga County, which granted a motion by defendant Chili Soccer Association, Inc. for summary judgment dismissing the complaint and cross-claims against it.

In 2016, plaintiff was participating in a youth soccer tournament in the Town of Fort Ann, Washington County, when he sustained a broken clavicle, which he claims was the result of being thrown to the ground by defendant Dylan Rippe. At that time both plaintiff and Rippe were minors playing for opposing teams, with Rippe playing for defendant Chili Soccer Association, Inc. In 2019, plaintiff commenced this action in Saratoga County against Rippe, Rippe's parents, Chili Soccer and defendant New York State West Youth Soccer Association, Inc.FN1 Plaintiff alleged, among other things, that Chili Soccer was negligent in its supervision of Rippe, which ultimately resulted in plaintiff's injuries. As is relevant here, following joinder of issue, Chili Soccer moved for summary judgment dismissing the claims against it on the basis that it did not host the tournament or select the referees as plaintiff alleged and, even so, any alleged negligence on its part was not the proximate cause of plaintiff's injuries. Supreme Court, finding Chili Soccer to have met its burden on summary judgment and that plaintiff failed to raise a triable issue of fact in opposition, granted the motion and dismissed the claims against Chili Soccer. Plaintiff appeals.FN2

It is well settled that, "[o]n a motion for summary judgment, the movant must establish its prima facie entitlement to judgment as a matter of law by presenting competent evidence that demonstrates the absence of any material issue of fact. If the movant makes such a showing, thereby satisfying this burden, the burden then shifts to the nonmovant to demonstrate that a triable issue of fact exists" (Vickers v Parcells, 198 AD3d 1160, 1161 [3d Dept 2021] [internal quotation marks and citations omitted]). "In considering applications of this nature, courts must focus on issue finding rather than issue determination, and deny the drastic remedy of summary judgment if there is any doubt as to whether a material factual issue exists or if such an issue is even arguable" (Smero v City of Saratoga Springs, 160 AD3d 1169, 1170 [3d Dept 2018] [internal quotation marks and citations omitted]).

Coaches and associated teams or clubs, like schools and youth camps, " 'are under a duty to adequately supervise the [youths] in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision' " (Shoemaker v Whitney Point Cent. School Dist., 299 AD2d 719, 720 [3d Dept 2002], lv dismissed 99 NY2d 610 [2003], quoting Mirand v City of New York, 84 NY2d 44, 49 [1994]; see Beninati v City of Troy, 163 AD3d 1241, 1242 [3d Dept 2018]; see also DiGiacomo v Town of Babylon, 124 AD3d 828, 829 [2d Dept 2015]). "They are not[*2], however, insurers of safety and will not be held liable for every thoughtless or careless act by which one [youth] may injure another" (Foster v New Berlin Cent. School Dist., 246 AD2d 880, 881 [3d Dept 1998] [internal quotation marks and citation omitted]). Thus, "[w]here liability is imposed on a [defendant] for negligent supervision due to injuries related to an individual's intentional acts, the plaintiff generally must demonstrate the [defendant]'s prior knowledge or notice of the individual's propensity or likelihood to engage in such conduct, so that the individual's acts could be anticipated or were foreseeable" (Dia CC. v Ithaca City School Dist., 304 AD2d 955, 956 [3d Dept 2003], lv denied 100 NY2d 506 [2003]; see Osmanzai v Sports & Arts in Schools Found., Inc., 116 AD3d 937, 938 [2d Dept 2014]; LaPage v Evans, 37 AD3d 1019, 1020 [3d Dept 2007]). "The test for causation is whether, under all the circumstances, the chain of events that followed the negligent act or omission was a normal or foreseeable consequence of the situation created by the [defendant's] negligence" (T.E. v South Glens Falls Cent. Sch. Dist., 232 AD3d 1185, 1186-1187 [3d Dept 2024] [internal quotation marks, brackets and citations omitted]). Still, "[w]here . . . the underlying accident occurs in so short a span of time that even the most intense supervision could not have prevented it, lack of supervision is not the proximate cause of the injury and summary judgment in favor of the . . . defendant is warranted" (Elbadwi v Saugerties Cent. Sch. Dist., 141 AD3d 805, 807 [3d Dept 2016] [internal quotation marks, brackets and citations omitted]).

In support of its motion for summary judgment, Chili Soccer offered, among other things, the deposition testimony of plaintiff, Rippe, Rippe's parents, as well as that of his coach Jeffery Vieira and a video of the incident. Despite plaintiff's description of an earlier incident in a prior game between his team and Chili Soccer during the same tournament, Vieira affirmed that he was not aware of any such incident, did not recall receiving any warnings about any players and no players from his team received a yellow or a red card during that game. Rippe also testified that he had never received a yellow or a red card or even a warning for rough play in all his time playing soccer and Vieira confirmed that Rippe was not known to be an aggressive player. Thus, taken collectively, the testimony established that Vieira was not on notice of any inclination toward aggressive play by Rippe or any animosity amongst players. Chili Soccer could not therefore have reasonably foreseen or anticipated Rippe's alleged tortious conduct (see Thomas v United States Soccer Fedn., 236 AD2d 600, 602 [2d Dept 1997]; compare T.E. v South Glens Falls Cent. Sch. Dist., 232 AD3d at 1187; Wood v Watervliet City School Dist., 30 AD3d 663, 664 [3d Dept 2006]). Moreover, this proof — most notably, the video of the incident — likewise established that plaintiff's [*3]injuries were the result of a sudden act that came without warning. As a result, Vieira did not have the opportunity to intercede and, thus, defendant established that any purported inadequate supervision by Chili Soccer was not a proximate cause of plaintiff's injuries (see Elbadwi v Saugerties Cent. Sch. Dist., 141 AD3d at 807-808; LaPage v Evans, 37 AD3d at 1021; Shoemaker v Whitney Point Cent. School Dist., 299 AD2d at 720; Foster v New Berlin Cent. School Dist., 246 AD2d at 881; Thomas v United States Soccer Fedn., 236 AD2d at 602). Consequently, Chili Soccer met its moving burden demonstrating its entitlement to summary judgment, thereby shifting the burden to plaintiff to set forth a triable issue of fact in opposition.

Plaintiff provided affidavits from his coach as well as the teammate who had been involved in the earlier incident with Rippe. These affidavits opine that Chili Soccer was playing aggressively during the tournament and express that the referees for the tournament did not issue warnings or penalties for rough play and what the affiants believed to have been fouls. It was stated that Vieira failed to properly supervise his team and that, if he had reprimanded Rippe for the earlier incident, Rippe would not have been aggressive during the later game. Viewing the proof in the light most favorable to plaintiff, as we must at this juncture, plaintiff failed to raise a triable issue of fact as to whether Vieira had been aware of the prior incident, had notice of an inclination on the part of Rippe to play in an aggressive or violent manner or the existence of any previous acrimony between the teams or players (compare T.E. v South Glens Falls Cent. Sch. Dist., 232 AD3d at 1187; Thomas v United States Soccer Fedn., 236 AD2d at 602). The aforementioned proof also failed to raise an issue of fact as to whether the incident was not so sudden and of such a short duration that there was not time for Vieira to intercede (see Harris v Five Point Mission-Camp Olmstedt, 73 AD3d 1127, 1128-1129 [2d Dept 2010]; compare Williams v Student Bus Co., Inc., 170 AD3d 1085, 1087 [2d Dept 2019]; Shoemaker v Whitney Point Cent. School Dist., 299 AD2d at 720). Rather, this proof amounted to "mere conclusions, expressions of hope or unsubstantiated allegations or assertions" and was, therefore, insufficient to satisfy plaintiff's burden in opposition (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Supreme Court therefore properly granted Chili Soccer's motion for summary judgment dismissing the claims against it and, despite plaintiff's assertion to the contrary, the court did not partake in impermissible issue determination when deciding this motion.

Clark, J.P., Ceresia and Corcoran, JJ., concur.

ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: Plaintiff also commenced a related action in Washington County against the owner of the facility where the tournament was held, Golden Fields, LLC (see NY St Cts Elec Filing [NYSCEF] Doc No. 1, summons and complaint, in Alexander v Golden Fields, LLC, Sup Ct, Washington County, index No. EC2022-33930). After entry of the order on appeal, plaintiff stipulated to consolidation of these two actions, which are now being heard in Supreme Court in Washington County (see NY St Cts Elec Filing [NYSCEF] Doc No. 81, consolidation order, in Alexander v Rippe, Sup Ct, Washington County, index No. EC2025-38662).

Footnote 2: The motion for summary judgment was joined by New York State West, which, similar to Chili Soccer, plaintiff asserted had hosted or provided the referees for the tournament. Plaintiff subsequently consented to discontinuance of the claims against New York State West during oral argument. As such, the claims against this defendant were dismissed and plaintiff does not raise any issue related thereto on appeal. Accordingly, rather than filing a joint brief with Chili Soccer, New York State West could have chosen not to participate on this appeal and, therefore, its assertion that it is improperly named as a party herein is misplaced.