[807 NE2d 278, 775 NYS2d 229]

Nicole David et al., Appellants, v County of Suffolk, Defendant, and Smithtown Central School District, Respondent.

Argued October 22, 2003; decided November 20, 2003

### APPEARANCES OF COUNSEL

*Silberstein, Awad & Miklos, P.C.*, Garden City (*Joseph P. Awad* and *Paul N. Nadler* of counsel), for appellants.

*Ahmuty, Demers & McManus*, Alberston (*Brendan T. Fitzpatrick* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs.

We agree with Supreme Court and the Appellate Division that defendant Smithtown Central School District demonstrated its entitlement to summary judgment dismissing plaintiffs' negligent supervision claim. The infant plaintiff was injured in her second-grade gym class while participating in a cargo net climbing exercise. Although we have recognized that "[s]chools are not insurers of safety," they are obligated to exercise such care of their students "as a parent of ordinary prudence would observe in comparable circumstances" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994], citing *Lawes v Board of Educ. of City of N.Y.*, 16 NY2d 302, 306 [1965]). In support of its motion for summary judgment, defendant relied on the deposition testimony of the physical education teacher supervising the class, who explained that he instructed the students on net climbing, demonstrated proper techniques and was 10 to 12 steps away from the infant plaintiff when she fell. The expert affidavit plaintiffs offered in response failed to establish the foundation or the source of the standards underlying the conclusion that defendant's supervision of the infant plaintiff was inadequate. As such, the affidavit "lacked probative force and was insufficient as a matter of law" to overcome the school district's motion for summary judgment (*Diaz v New York Downtown Hosp.*, 99 NY2d 542, 545 [2002]).

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO and READ concur.

Order affirmed, with costs, in a memorandum.