■ HEATHER L. LINDAMAN, an Infant, by Her Parent and Guardian, PATRICIA J. LINDAMAN, et al., Respondents, v VESTAL CENTRAL SCHOOL DISTRICT, Appellant. [785 NYS2d 549]—

Rose, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered January 12, 2004 in Broome County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action to recover for injuries sustained by the seven-year-old infant plaintiff (hereinafter plaintiff) when she became entangled with another student, fell on a hardwood floor and fractured her left arm during a multiple-ball version of the game of dodge ball in her second-grade gym class on defendant's premises. Defendant moved for summary judgment dismissing the complaint, asserting that the game was appropriate, safe and adequately supervised by a teacher, and the accident was unforeseeable. In opposition, plaintiffs asserted that, because of its known dangers, the game was inappropriate for seven-year-old children, making it foreseeable that plaintiff would be injured. Supreme Court found questions of fact as to whether the activity was appropriate for children of plaintiff's age and a proximate cause of her injuries, and denied the motion. Defendant now appeals.

We affirm. While schools are not insurers of the safety of their students, they are under a duty to exercise the same degree of care as would a reasonably prudent parent placed in comparable circumstances (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Lawes v Board of Educ. of City of N.Y.*, 16 NY2d 302, 305 [1965]). This duty includes the obligation to assign students to supervised athletic activities that are within their abilities

(*see Brooks v Board of Educ. of City of N.Y.*, 12 NY2d 971, 973 [1963] [Scileppi, J., dissenting]; *Snyder v Morristown Cent. School Dist. No. 1*, 167 AD2d 678, 679 [1990]) and age-appropriate (*see Fraioli v City of New Rochelle*, 6 AD3d 657, 657 [2004]). Whether a school's conduct met this duty and was a proximate cause of a particular injury are generally questions of fact (*see Shoemaker v Whitney Point Cent. School Dist.*, 299 AD2d 719, 720 [2002], *appeal dismissed* 99 NY2d 610 [2003]; *Vonungern v Morris Cent. School*, 240 AD2d 926, 926 [1997]).

When defendant met its initial burden to show that the dodge ball game was safe and appropriate through the testimony of its athletic director, plaintiffs offered in response the deposition testimony of Robert Moyer, the teacher who was supervising the activity when plaintiff was hurt, and an affidavit of Steve Bernheim, an expert in sports, recreational and educational safety. Moyer admitted that he had no documentation concerning the appropriateness of using dodge ball with second-grade students, he had never observed any of defendant's other teachers use the activity with second graders and no one ever advised him that it was appropriate at that grade level. Bernheim asserted that, while there are no established standards of age-appropriateness for dodge ball, it is recognized as a potentially dangerous activity and has been banned by several school districts in New York and elsewhere. He also opined that traditional dodge ball is not appropriate for students below the fourth-grade level and the chaotic, multiple ball version being played here, without a neutral or safety zone in the center of the game area as prescribed in defendant's own guidelines, was particularly dangerous for younger children.

Inasmuch as this action turns upon whether defendant's use of a particular form of dodge ball with children in the second grade was safe and appropriate, and this is to be gauged by the standard of what a reasonably prudent parent would do if he or she were in possession of the available information, we agree with Supreme Court that Bernheim's affidavit has probative force under these circumstances, despite his failure to cite any formally recognized standard of age-appropriateness for dodge ball (*cf. David v County of Suffolk*, 1 NY3d 525, 526 [2003]).

Spain, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, with costs.