■ PAMELA CLARK, Individually and as Parent and Guardian of REBECCA CLARK, an Infant, Respondent, v SUSQUEHANNA VALLEY CENTRAL SCHOOL DISTRICT, Appellant. [797 NYS2d 608]—

Rose, J. Appeal from an order of the Supreme Court (Tait, J.), entered April 23, 2004 in Broome County, which denied defendant's motion for summary judgment dismissing the complaint.

Rebecca Clark, then a ninth-grade student at defendant's junior high school, was injured during a physical education class when she fell and hit her chin on the gymnasium floor while

riding on a small four-wheeled scooter being pushed by another student in a relay race. Plaintiff, individually and as Clark's parent, then commenced this action, alleging negligent supervision on the part of defendant. Supreme Court denied defendant's motion for summary judgment dismissing the complaint, prompting this appeal.

A school district is obligated to adequately supervise the students in its care and may be held liable for foreseeable injuries proximately related to inadequate supervision (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Doe v Board of Educ. of Morris Cent. School*, 9 AD3d 588, 589-590 [2004]). The standard for determining whether a school district has breached this duty is to compare its supervision to that of "a parent of ordinary prudence placed in the identical situation and armed with the same information" (*Mary KK. v Jack LL.*, 203 AD2d 840, 841 [1994]; *see Mirand v City of New York, supra* at 49; *Dia CC. v Ithaca City School Dist.*, 304 AD2d 955, 956 [2003], *lv denied* 100 NY2d 506 [2003]).

In support of its motion, defendant relied on the depositions of two physical education instructors who were in the gym at the time of this accident. The instructors testified that scooter racing was part of the school's physical education curriculum, Clark and the other students had been instructed as to the proper way to use the scooters and both instructors were supervising the students when Clark fell. One instructor testified that she witnessed the accident, she did not see another scooter collide with Clark's scooter, and Clark was sitting cross-legged, rather than kneeling, on her scooter. She stated that Clark suddenly stopped and the student who had been pushing her scooter from behind then fell onto her, forcing Clark to the floor. By showing that Clark's injuries resulted from a fall during a supervised school activity that was caused by a sudden act of a student and not by any lack of supervision, defendant established its prima facie entitlement to judgment as a matter of law (*see Siegell v Herricks Union Free School Dist.*, 7 AD3d 607, 609 [2004]; *Jennings v Oceanside Union Free School Dist.*, 279 AD2d 507, 508 [2001]; *Matter of Banks v City School Dist. of Albany*, 257 AD2d 723, 724 [1999]).

Plaintiff's opposition to defendant's motion for summary judgment included the deposition testimony and affidavit of Clark, who testified that she had been kneeling on the scooter, a mode of riding that the other instructor said was unsafe and, if observed, would have been stopped. Clark also stated that the accident occurred because another scooter ran into her scooter. By affidavit, two students in Clark's class asserted that they

had been given minimal instructions about the scooter racing. The conflicting testimony as to the instructions given and whether Clark was kneeling on the scooter raises questions of fact material to whether defendant's instructors failed to give appropriate instructions and correct an improper mode of riding. Since defendant now does not deny that a collision occurred, the first instructor's admission that she did not observe it also raises questions of fact material to whether defendant's instructors were properly observing the scooter racing, took reasonable steps to prevent collisions and could have prevented the collision that occurred here if the actions leading up to it had been observed. These questions preclude a finding, as a matter of law, that defendant's supervision was adequate and not a proximate cause of Clark's injuries (*see Shoemaker v Whitney Point Cent. School Dist.*, 299 AD2d 719, 720 [2002], *lv dismissed* 99 NY2d 610 [2003]; *Vonungern v Morris Cent. School*, 240 AD2d 926, 926-927 [1997]; *Dennis v City of New York*, 205 AD2d 577, 578 [1994]). Accordingly, Supreme Court did not err in denying defendant's motion.

Peters, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, with costs.