■ PAMELA K. OAKES et al., Individually and as Parents and Guardians of MARLAN OAKES, an Infant, Respondents, v MASSENA CENTRAL SCHOOL DISTRICT, Appellant. [797 NYS2d 640]—

Mugglin, J. Appeal from an order of the Supreme Court (Demarest, J.), entered March 31, 2004 in St. Lawrence County, which, inter alia, denied defendant's motion for summary judgment dismissing the complaint.

Plaintiffs' son suffered extensive damage to his right eye when he was unintentionally hit by a football kicking tee thrown by a fellow eighth grader during a physical education class at one of defendant's schools. Plaintiffs allege negligent supervision of the class and failure to properly instruct the students concerning safety risks, particularly with respect to the handling of a kicking tee. Defendant moved for summary judgment and plaintiffs cross-moved for partial summary judgment on the issue of liability. Supreme Court denied both motions. Only defendant appeals.

Defendant has a duty to adequately supervise and instruct the students in its care and will be held liable for foreseeable

injuries proximately caused by its negligence (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Dia CC. v Ithaca City School Dist.*, 304 AD2d 955, 956 [2003], *lv denied* 100 NY2d 506 [2003]; *Malik v Greater Johnstown Enlarged School Dist.*, 248 AD2d 774, 775 [1998]; *Foster v New Berlin Cent. School Dist.*, 246 AD2d 880, 881 [1998]; *Buckvar v Syosset Cent. School Dist.*, 148 AD2d 409, 410 [1989]; *Merkley v Palmyra-Macedon Cent. School Dist.*, 130 AD2d 937, 938 [1987]). However, school districts are not insurers of students' safety and will not be held liable for every spontaneous, thoughtless or careless act by which one student injures another (*see Mirand v City of New York, supra* at 49; *Malik v Greater Johnstown Enlarged School Dist., supra* at 775; *Foster v New Berlin Cent. School Dist., supra* at 881). Rather, the degree of care required of school districts is that which a reasonably prudent parent would exercise under similar circumstances (*see Mirand v City of New York, supra* at 49; *Lindaman v Vestal Cent. School Dist.*, 12 AD3d 916, 916-917 [2004]). Generally, whether a school district failed to fulfill this duty and whether such failure was a proximate cause of the injury are questions of fact (*see Lindaman v Vestal Cent. School Dist., supra* at 916-917).

Thus guided, we examine this record and find conflicting evidence establishing triable issues of fact. First, on the issue of negligent supervision, it is undisputed that the teacher was refereeing the game which was being played in accordance with his rules. Nevertheless, the teacher was at the far end of the field from plaintiffs' son and failed to observe his usual practice of placing the kicking tee in his pocket after each kickoff. Next, on the issue of negligent instruction, it is undisputed that the teacher did not instruct the students on how to properly handle the tee and never told them not to throw it. There is also conflicting evidence as to whether the students had previously thrown the tee or seen the teacher throw it. Thus, issues of fact are raised as to whether the injury causing conduct was reasonably foreseeable and, thus, preventable. Moreover, there are competing expert opinions with respect to both issues. We, therefore, conclude summary judgment to be inappropriate in this case.

Cardona, P.J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.