■ Julie Fulger, Individually and as Parent and Guardian of Jonah M. Fulger, an Infant, Appellant, v Capital District YMCA et al., Respondents. [840 NYS2d 200]—

Crew III, J.P. Appeal from an order of the Supreme Court (Nolan, Jr., J.), entered June 29, 2006 in Saratoga County, which granted defendants' motion for summary judgment dismissing the complaint.

In October 2003, plaintiff's then seven-year-old son, Jonah, was injured while playing a game of catch as part of the "Y Time" after-school program operated by defendants. Prior to this incident, Jonah and approximately 10 other children were playing "ultimate football," a no-contact form of football that was being supervised by defendants' employee, Michael Ruzza. As the afternoon wore on, the number of participants dwindled and, eventually, Ruzza was left with Jonah, his older brother, Jesse, Aaron Vassar and another child. At this point, the remaining children asked Ruzza to throw them long, high passes with a Nerf football that they, in turn, would attempt to catch. Jonah attempted to catch one such pass but missed and, as the Nerf football passed through his fingers, all four children simultaneously dove for the ball. In the process, Jonah sustained a broken leg.

Plaintiff thereafter commenced this action against defendants alleging negligent supervision. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court granted that motion, and this appeal by plaintiff ensued.

The crux of plaintiff's argument on appeal is that summary judgment was inappropriate because there are conflicting versions of the events leading to Jonah's injury, there was a history of children tackling one another during such activities and Ruzza failed to adequately instruct and/or supervise Jonah and

the remaining children immediately prior to Jonah's injuries. We cannot agree. To be sure, the testimony offered by Jonah, his brother and Aaron differs from the account of the incident given by Ruzza. According to the children, they asked Ruzza to toss them long, high "bombs" from approximately 20 to 30 yards away and he did so. Ruzza, on the other hand, testified that he threw one, easy underhand pass to Jonah from a short distance, turned away to pick up equipment from the field, heard a commotion and turned back to find the remaining children piled on top of Jonah. As defendants point out, however, even crediting the children's version of the events, such facts do not support a finding of negligent supervision.

Plainly, there is nothing inherently unsafe in a game of catch—particularly where, as here, all of the children understood that there was to be no contact or tackling involved in any sort of football or catch that they played. On this point, Jonah and his brother each testified that they understood that there was no jumping on, tackling or contact allowed in either game of catch they played on the day Jonah was injured, and Aaron confirmed that none of the children present at the time Jonah was injured ever had been reprimanded for such behavior. Moreover, Jonah, his brother and Aaron all testified that no one intended to or did in fact tackle Jonah on the day in question. Rather, each stated that after Jonah missed the ball, all of the children simultaneously dove for it. As the children put it, Jonah "went for" the ball and so did everyone else. Thus, plaintiff's focus on an alleged prior history of tackling and/or Ruzza's failure to reiterate between the two games of catch played that day that no tackling was allowed is irrelevant given the children's testimony that they all understood the rules and that no one tackled Jonah. Morever, even assuming Ruzza's back was turned when Jonah was injured, it is clear from the children's testimony and the suddenness of the injurious event that no amount of supervision could have prevented the children's spontaneous and uniform decision to dive for the loose ball. Simply put, defendants were required only to exercise that degree of care "which a reasonably prudent parent would exercise under similar circumstances" (*Oakes v Massena Cent. School Dist.*, 19 AD3d 981, 982 [2005]); they were not required to insure Jonah's safety, nor were they obligated to supervise and control each and every movement and activity of the children with him at the time of his injury (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]). Under the circumstances presented here, we cannot say that Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint.

Peters, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, with costs.