■ LENORE BELLINGER, Individually and as Parent and Guardian of RAVEN N. SIMMONS, an Infant, Respondent, v BALLSTON SPA CENTRAL SCHOOL DISTRICT, Appellant. [871 NYS2d 432]—

Spain, J.

Plaintiff's daughter, a fifth grader at Wood Road Intermediate School in the Village of Ballston Spa, Saratoga County, was playing one-hand touch football at recess when she and a fellow teammate, both running toward the same opponent, collided on the field. The teammate's head hit plaintiff's daughter in the mouth, knocking out three of her teeth and fracturing a fourth. Plaintiff thereafter commenced this action alleging negligent supervision on the part of defendant. Following discovery, defendant moved for summary judgment dismissing the complaint, arguing that plaintiff had failed to prove a prima facie case. Supreme Court denied the motion, finding that material issues of fact existed with regard to whether defendant's supervision was negligent and, if so, whether the negligent supervision was the proximate cause of the child's injuries. On defendant's appeal, we now reverse.

"While schools are not insurers of the safety of their students, they are under a duty to exercise the same degree of care as would a reasonably prudent parent placed in comparable circumstances" (*Lindaman v Vestal Cent. School Dist.*, 12 AD3d 916, 916 [2004] [citations omitted]). A plaintiff claiming negligent supervision must demonstrate both that the defendant breached its duty to provide adequate supervision under this standard, and that this failure was the proximate cause of the plaintiff's injuries (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *MacCormack v Hudson City School Dist. Bd. of Educ.*, 51 AD3d 1121, 1122 [2008]; *Snyder v Morristown Cent. School Dist. No. 1*, 167 AD2d 678, 680 [1990]).

Here, even assuming that plaintiff could demonstrate that the playground supervision was inadequate at the time of her daughter's injuries, defendant established a prima facie case for summary judgment by demonstrating that the alleged breach of negligent supervision was not a proximate cause of the injuries (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "A school is not liable for every thoughtless or careless act by which one pupil may injure another" (*Lawes v Board of Educ. of City*

*of N.Y.*, 16 NY2d 302, 306 [1965] [citations omitted]); thus, when a spontaneous and unintentional accident happens in just a few moments, we have held that no amount of supervision, however intense, can prevent a resulting injury (*see Fulger v Capital Dist. YMCA*, 42 AD3d 694, 695 [2007]; *Foster v New Berlin Cent. School Dist.*, 246 AD2d 880, 881 [1998]; *see also Capotosto v Roman Catholic Diocese of Rockville Ctr.*, 2 AD3d 384, 385-386 [2003]; *Lopez v Freeport Union Free School Dist.*, 288 AD2d 355, 356 [2001]; *cf. Shoemaker v Whitney Point Cent. School Dist.*, 299 AD2d 719, 720-721 [2002], *appeal dismissed* 99 NY2d 610 [2003]). Here, it is undisputed that there was no history of disciplinary problems or rough play among any of the children involved, and that the collision was spontaneous and accidental. Defendant's experts also opined that coeducational one-hand touch football is appropriate for fifth graders, that safety devices such as helmets or mouth guards are not required during these games, and that even direct supervision could not have prevented the collision. Finally, testimony regarding the nature of the accident—an unintentional collision between children playing on the same team—indicates that it could have happened just as easily in a game of tag, basketball, or any other sport or game in which children were running in different directions.

Plaintiff's papers in opposition, even when viewed in the light most favorable to plaintiff, fail to raise a triable issue of fact on the issue of proximate cause (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Wood v Watervliet City School Dist.*, 30 AD3d 663, 664 [2006]). Plaintiff relies on the expert affidavit of Steve Bernheim, who "based on [his] education and training" offered opinions to "a reasonable degree of recreational certainty." Specifically, Bernheim opined that "one-hand touch football is an inappropriate activity for fifth-graders during recess, especially without formal control of the game or the provision of proper safety equipment" and that "fifth-grade boys should not play touch football with fifth-grade girls at recess because the boys' development at age 10 is more advanced than the girls'."

To create a material issue of fact through the use of an expert's affidavit, the expert must base his or her opinions upon some "empirical data or foundational facts" (*Preston v Peter Luger Enters., Inc.*, 51 AD3d 1322, 1323 [2008]; *see David v County of Suffolk*, 1 NY3d 525, 526 [2003]; *Alger v CVS Mack Drug of N.Y., LLC*, 39 AD3d 928, 929-930 [2007]; *Browne v Big V Supermarkets*, 188 AD2d 798, 799 [1992], *lv denied* 81 NY2d 708 [1993]). Bernheim cites to no formally recognized standard

or other empirical evidence to support his conclusions. He is president of a consulting firm "which specializes in sports, recreation and educational safety" and his curriculum vitae lists numerous board positions, professional memberships and speaking engagements, and describes his involvement with several professional and collegiate sports teams. His credentials, however, do not indicate that he has experience with children in an elementary school setting, either in structured physical education class or unstructured play, or that he has studied child development—both areas to which he purports to render an opinion. His direct experience with young children is summed up as his role as a "youth sports coach" for unspecified ages and for an unspecified period of time. Although his opinion might be probative under the "reasonably prudent parent" standard (cf. *Lindaman v Vestal Cent. School Dist.*, 12 AD3d at 917), his affidavit here is focused not upon the common sense of the reasonably prudent parent, but upon unidentified and unsupported standards of supervision, safety and child development. Accordingly, we conclude that the affidavit of plaintiff's expert lacked probative force and was insufficient as a matter of law to overcome defendant's motion for summary judgment (*see David v County of Suffolk*, 1 NY3d at 526; *Diaz v New York Downtown Hosp.*, 99 NY2d 542, 545 [2002]; *Preston v Peter Luger Enters., Inc.*, 51 AD3d at 1323).

Mercure, J.P., Carpinello, Malone Jr. and Stein, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendant and complaint dismissed.