■ THOMAS M. DOYLE, as Parent of HARRISON DOYLE, an Infant, Appellant, v BINGHAMTON CITY SCHOOL DISTRICT, Respondent. [874 NYS2d 607]—

Cardona, P.J. Appeal from an order of the Supreme Court (Rumsey, J.), entered April 7, 2008 in Broome County, which granted defendant's motion for summary judgment dismissing the complaint.

On January 8, 2004, fourth-grader Harrison Doyle was injured while playing freeze tag in a physical education class held in the gymnasium of one of defendant's elementary schools in the City of Binghamton, Broome County. The incident occurred when, after Doyle was apparently accidentally knocked to the ground

by a fellow classmate in the course of play, a different classmate tripped over him as he was trying to rise, causing Doyle's face to strike the floor, resulting in serious injuries to two of his permanent teeth.

Thereafter, plaintiff, Doyle's father, commenced this action against defendant alleging negligent supervision. Specifically, plaintiff asserts, among other things, that the physical education teacher and the teachers' aide in charge of the approximately 20 students at the time of the incident negligently failed to witness the initial collision and intervene, thus preventing the second child from tripping over Doyle. After joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint arguing that a prima facie case was not presented as a matter of law. Supreme Court granted the motion, prompting this appeal by plaintiff.

It is undisputed that "[a] school district is obligated to adequately supervise the students in its care and may be held liable for foreseeable injuries proximately related to inadequate supervision" (*Clark v Susquehanna Val. Cent. School Dist.*, 19 AD3d 926, 927 [2005]). Nevertheless, school districts "are not insurers of safety . . . for they cannot reasonably be expected to continuously supervise and control all movements and activities of students; therefore, [they] are not to be held liable for every thoughtless or careless act by which one pupil may injure another" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994] [internal quotation marks and citations omitted]). Instead, school districts have the duty of exercising "the same degree of care as would a reasonably prudent parent placed in comparable circumstances" (*Bellinger v Ballston Spa Cent. School Dist.*, 57 AD3d 1296, 1297 [2008] [internal quotation marks and citation omitted]).

Here, the fact that the supervising personnel did not witness the incident at the exact time it occurred is not, standing alone, sufficient to create a triable issue of fact as to negligent supervision (*see e.g. Fulger v Capital Dist. YMCA*, 42 AD3d 694, 695 [2007]). Even assuming arguendo that plaintiff could ultimately establish his allegation that the teacher and teachers' aide were conversing at the time of the incident and such a circumstance could be perceived as negligent supervision, that does not end the inquiry. Significantly, plaintiff failed to raise a question of fact that the alleged absence of adequate supervision was the *proximate cause* of the injury-causing event, rather than, as defendant contends, a "spontaneous and accidental" collision of brief duration involving a second student that even the most careful supervision could not prevent (*Bellinger v Ballston Spa*

*Cent. School Dist.*, 57 AD3d at 1298; *see Fulger v Capital Dist. YMCA*, 42 AD3d at 695; *Foster v New Berlin Cent. School Dist.*, 246 AD2d 880, 881 [1998]).

Furthermore, plaintiff failed to dispute defendant's showing that the teacher-to-student ratio was adequate and the game itself was not "inherently unsafe" (*Fulger v Capital Dist. YMCA*, 42 AD3d at 695; *see Clark v Susquehanna Val. Cent. School Dist.*, 19 AD3d at 927) or age-inappropriate (*see Lindaman v Vestal Cent. School Dist.*, 12 AD3d 916, 917 [2004]). Nor was there proof of a "history of disciplinary problems or rough play among any of the children involved" (*Bellinger v Ballston Spa Cent. School Dist.*, 57 AD3d at 1298). Consequently, Supreme Court did not err in granting summary judgment to defendant.

We have examined plaintiff's remaining contentions and find them unpersuasive.

Rose, Kane and Stein, JJ., concur. Ordered that the order is affirmed, without costs.