■ SUSAN J. SPAULDING, Individually and as Parent and Guardian of RYANN M. TABOR, an Infant, et al., Appellants, v

CHENANGO VALLEY CENTRAL SCHOOL DISTRICT, Respondent. (And a Third-Party Action.) [890 NYS2d 162]—

McCarthy, J.

Plaintiff Ryann M. Tabor was struck on his right shin by a "hockey ball" in a game of floor hockey during gym class at Chenango Valley Senior High School. A few days later, problems in the injured leg manifested, ultimately requiring multiple hospitalizations and treatment for deep vein thrombosis. Tabor and his mother commenced this action for damages against defendant alleging negligent supervision. In turn, defendant commenced a third-party action against Tabor's friend, Joseph Koch, whose shot sent the ball into Tabor's leg. Supreme Court granted defendant's motion for summary judgment dismissing the complaint and this appeal ensued.

School districts have a well-established obligation to adequately supervise students in their care and may be held liable where inadequate supervision is the proximate cause of foreseeable injuries (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Doyle v Binghamton City School Dist.*, 60 AD3d 1127, 1128 [2009]). However, "[s]chools are not insurers of safety" (*Mirand v City of New York*, 84 NY2d at 49) and "constant supervision of students at the high school level is not required" (*Rose v Onteora Cent. School Dist.*, 52 AD3d 1161, 1162 [2008]). The nature of the duty owed is "to exercise such care . . . as a parent of ordinary prudence would observe in comparable circumstances" (*Mirand v City of New York*, 84 NY2d at 49 [internal quotation marks and citations omitted]; *see Clark v Susquehanna Val. Cent. School Dist.*, 19 AD3d 926, 927 [2005]). To establish negligent supervision, a plaintiff must "demonstrate both that the defendant breached its duty to provide adequate supervision under this standard, and that this failure was the proximate cause of the plaintiff's injuries" (*Bellinger v Ballston Spa Cent. School Dist.*, 57 AD3d 1296, 1297 [2008], *lv denied* 12 NY3d 704 [2009], *rearg denied* 12 NY3d 878 [2009]). "Generally, whether a school district failed to fulfill this duty

and whether such failure was a proximate cause of the injury are questions of fact" (*Oakes v Massena Cent. School Dist.*, 19 AD3d 981, 982 [2005]), however, courts do not hesitate to grant summary judgment when appropriate (*see e.g. Doyle v Binghamton City School Dist.*, 60 AD3d at 1128-1129; *Bellinger v Ballston Spa Cent. School Dist.*, 57 AD3d at 1297-1299; *Rose v Onteora Cent. School Dist.*, 52 AD3d at 1162; *Foster v New Berlin Cent. School Dist.*, 246 AD2d 880, 881 [1998]).

It is undisputed that a floor hockey game was in progress, supervised by the gym teacher, and Koch was aiming for the goal when his shot accidently hit Tabor. "[W]hen a spontaneous and unintentional accident happens in just a few moments, we have held that no amount of supervision, however intense, can prevent a resulting injury" (*Bellinger v Ballston Spa Cent. School Dist.*, 57 AD3d at 1298; *see also Doyle v Binghamton City School Dist.*, 60 AD3d at 1128; *Rose v Onteora Cent. School Dist.*, 52 AD3d at 1163). Accordingly, Supreme Court did not err in granting defendant's motion.

Peters, J.P., Rose, Kane and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.