■ VALERIE T. WAGNER, Individually and as Parent and Guardian of VICTORIA F. BONKER, an Infant, Respondent, v ONEONTA SCHOOL DISTRICT, Appellant. [892 NYS2d 250]—

Mercure, J.P.

Plaintiff commenced this action to recover for injuries sustained by her eight-year-old daughter when other students closed the child's fingers in a bathroom door at their elementary school. Following joinder of issue and discovery, defendant moved for summary judgment, arguing, among other things, that its supervision of the students was not negligent and that any such negligence was not a proximate cause of the child's injuries. Supreme Court denied the motion and defendant now appeals.

We reverse. Defendant must exercise the same degree of care in supervising its students as a reasonably prudent parent would

under comparable circumstances (*see David v County of Suffolk*, 1 NY3d 525, 526 [2003]; *Bellinger v Ballston Spa Cent. School Dist.*, 57 AD3d 1296, 1297 [2008], *lv denied* 12 NY3d 704 [2009]). As such, defendant will be held liable if it breached its duty to provide such care and the child's injuries were proximately caused by the inadequate supervision (*see Mirand v City of New York*, 84 NY2d 44, 49-50 [1994]; *Doyle v Binghamton City School Dist.*, 60 AD3d 1127, 1128 [2009]; *Bellinger v Ballston Spa Cent. School Dist.*, 57 AD3d at 1297). A school is not liable for every careless act of one pupil who injures another; "thus, when a spontaneous and unintentional accident happens in just a few moments, we have held that no amount of supervision, however intense, can prevent a resulting injury" (*Bellinger v Ballston Spa Cent. School Dist.*, 57 AD3d at 1298; *see Doyle v Binghamton City School Dist.*, 60 AD3d at 1128-1129; *Foster v New Berlin Cent. School Dist.*, 246 AD2d 880, 881 [1998]).

Initially, there is no dispute that one aide was monitoring two classes in a single classroom at the time the accident occurred. Defendant amply demonstrated, however, that it met the applicable standard of care in supervising the child and her classmates and plaintiff provided "no convincing evidence that defendant[ ] [was] negligent or acted improperly in having only one classroom aide monitoring two different classes, especially in the absence of any proof of" any prior roughhousing (*Tomlinson v Board of Educ. of City of Elmira*, 183 AD2d 1023, 1024 [1992]; *see Mirand v City of New York*, 84 NY2d at 49). In any event, even if a fact question existed as to whether defendant breached the standard of care, defendant also demonstrated that any breach was not a proximate cause of the child's injuries. At the time of the accident, the child and other students were in the classroom for recess. The child had bent down to retrieve an item from the classroom floor and rested her hand on the door frame of an adjacent bathroom to balance herself. Almost immediately, other students walked into the bathroom and inadvertently closed the door on the child's fingers. Neither the child nor the other students involved had any relevant disciplinary problems, nor were they engaged in horseplay prior to the accident, which was spontaneous and unintentional. While the other students did enter the bathroom to play a game that had been banned by their teacher, the game was not dangerous, did not involve the door beyond requiring that it be closed, and was prohibited only because it distracted students from their schoolwork. Given plaintiff's failure to call any of these facts into question, defendant's summary judgment motion should have been granted (*see Rose v Onteora Cent. School Dist.*, 52 AD3d 1161,

1162-1163 [2008]; *Walsh v City School Dist. of Albany*, 237 AD2d 811, 811-812 [1997]).

Spain, Rose, Kane and Garry, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.