Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered July 20, 2012, which, insofar as appealed from as limited by the briefs, granted defendants’ motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff, a special agent employed by the American Society for the Prevention of Cruelty to Animals (ASPCA), was injured during a recertification training class conducted at the ASPCA’s premises by defendant Lopez, a training instructor employed by defendant Law Enforcement Training and Consulting Services. At the time of the accident, plaintiff and the rest of the class, consisting of other ASPCA special agents, were paired off to learn a restraint technique known as the “takedown” maneuver. Plaintiffs partner for the simulation was third-party defendant Gankiewicz, another special agent.
At the time of the injury plaintiff was playing the role of a suspect being subdued by Gankiewicz, the “arresting officer.” Lopez states in his affidavit that he instructed the class that the person playing the suspect should have his or her hands against a wall to maintain balance throughout the simulation. Plaintiff and Gankiewicz confirmed that the maneuver was to be performed with the “arrestee” using a wall as a brace. Plaintiff also testified that Lopez demonstrated the maneuver. The injury occurred when Gankiewicz executed the maneuver and landed on top of plaintiff before she was able to brace herself against a wall two feet away. Plaintiff attributed the accident to a * ‘miscommunication. ’ ’
*402 Defendants demonstrated prima facie that Lopez provided appropriate instructions and properly demonstrated the technique (see David v County of Suffolk, 1 NY3d 525 [2003]). In opposition, plaintiff failed to raise an issue of triable fact.
The expert affidavit submitted by plaintiff is not sufficient to raise an issue regarding whether the training class should have been conducted on a floor covered by a mat. The expert failed to elaborate on his experience or provide any information establishing that he is qualified to opine on this issue (see e.g. Schechter v 3320 Holding LLC, 64 AD3d 446, 449-450 [1st Dept 2009]). Moreover, defendants did not furnish the premises where the accident occurred.
We have considered plaintiffs remaining contentions and find them unavailing. Accordingly, there is no triable issue of fact as to whether defendants were negligent. Concur — Gonzalez, P.J., Renwick, DeGrasse, Manzanet-Daniels and Feinman, JJ.