## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  May 14, 2015                519697
_____

HEATHER MOGAN, as Parent and
    Guardian of MIA KHAZIN, an
    Infant,
                    Appellant,

        v                                MEMORANDUM AND ORDER

DAME RUSSELL PHYSICAL THERAPY,
    PLLC, et al.,
                    Respondents.
_____

Calendar Date:  March 24, 2015

Before:  Peters, P.J., Egan Jr., Rose and Lynch, JJ.

_____

        Anderson, Moschetti & Taffany, PLLC, Latham (Peter J.
Moschetti Jr. of counsel), for appellant.

        Carter, Conboy, Case, Blackmore, Maloney & Laird, PC,
Albany (Mackenzie C. Monaco of counsel), for respondents.

_____

Peters, P.J.

        Appeal from an order of the Supreme Court (Ferradino, J.),
entered May 14, 2014 in Saratoga County, which granted
defendants' motion for summary judgment dismissing the complaint.

        In 2011, physical therapy was recommended for three-year-
old Mia Khazin (hereinafter the child) to address her habit of
walking on her toes rather than using a normal heel-to-toe gait.
She obtained the therapy at a facility owned and/or operated by
defendants, and was injured when she tripped and fell there.
Plaintiff, the child's mother, commenced this action alleging,
among other things, that defendants were negligent in their

supervision of the child.  Following joinder of issue and
discovery, Supreme Court granted defendants' motion for summary
judgment dismissing the complaint.  Plaintiff appeals, arguing
that questions of fact exist with regard to the supervision
afforded by defendants.

     We affirm.  Initially, Supreme Court properly found that
defendants owed a duty of care to the child.  On the date in
question, plaintiff was required to remain in the waiting room
out of concern that she would be "a distraction" to the child
during the therapy session.  Defendants undertook the duty of
supervising the child under these circumstances and, as such,
were "required to use reasonable care to protect the child from
harm and may be liable for injury proximately caused by [their]
negligence in doing so, particularly since the standard of care
owed a child is higher than that required for an adult" (Mary A.
ZZ. v Blasen, 284 AD2d 773, 775 [2001] [internal citations
omitted]; see Willis v Young Men's Christian Assn. of Amsterdam,
28 NY2d 375, 379 [1971]; Zalak v Carroll, 15 NY2d 753, 754
[1965]).  That being said, defendants "are not insurers of safety
[and] cannot reasonably be expected to continuously supervise and
control all movements and activities of" a child under their care
(Mirand v City of New York, 84 NY2d 44, 49 [1994]; accord
Stephenson v City of New York, 19 NY3d 1031, 1033 [2012]; see
Willis v Young Men's Christian Assn. of Amsterdam, 28 NY2d at
379).

     Bearing these principles in mind, we turn to the undisputed
facts of the child's accident.  Valerie Miller was the physical
therapist who worked with the child, and the accident occurred
while the two were walking from the therapy room to the waiting
room so that Miller could discuss home exercises with plaintiff.
Miller testified that, as was her custom, she kept the child next
to her while they were walking.  When she told the child that
they were going to meet plaintiff, the child became excited and
forgot to turn into the waiting room.  Miller then pointed out
the correct door, at which point the child abruptly turned,
tripped over Miller's foot and struck her head against the corner
of the doorway.  Miller further testified that the child was
well-behaved, and she accordingly had no reason to suspect that
the child would quickly turn.  This evidence amply demonstrated

that defendants provided adequate supervision for the child and that, given the sudden and unexpected nature of the child's movements, "any alleged inadequacy in the level of supervision was not a proximate cause of the accident" (Goldschmidt v City of New York, 123 AD3d 1087, 1088 [2014]; see Wagner v Oneonta School Dist., 68 AD3d 1516, 1517-1518 [2009]; Doyle v Binghamton City School Dist., 60 AD3d 1127, 1128-1129 [2009]).  Inasmuch as plaintiff failed to raise a question of fact in response, Supreme Court properly granted summary judgment to defendants.

　　　Egan Jr., Rose and Lynch, JJ., concur.


　　　ORDERED that the order is affirmed, with costs.




　　　　　　　ENTER:


Robert D. Mayberger
Clerk of the Court