## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  July 7, 2016            522172
_____

MEGAN ELBADWI, an Infant, by
    REBECCA S. GREEN, Her Parent
    and Guardian,
                    Respondent-
                    Appellant,
        v                                     MEMORANDUM AND ORDER

SAUGERTIES CENTRAL SCHOOL
    DISTRICT,
                    Appellant-
                    Respondent.
_____

Calendar Date:  May 23, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Devine and Mulvey, JJ.

_____

    Mills Law Firm LLP, Clifton Park (Christopher K. Mills of
counsel), for appellant-respondent.

    Basch & Keegan, LLP, Kingston (John A. DeGasperis of
counsel), for respondent-appellant.

_____

Egan Jr., J.

    Cross appeal from an order of the Supreme Court (Fisher,
J.), entered September 23, 2015 in Ulster County, which partially
denied defendant's motion for summary judgment dismissing the
complaint.

    At all times relevant, plaintiff was a 10-year-old student
attending Cahill Elementary School in Ulster County.  On the
morning of December 13, 2012, plaintiff's class gathered in the
school's cafeteria for recess before lunch.  According to

defendant's lunch monitor, plaintiff and her classmates were expressly instructed to remain on the blacktop area adjacent to the school's playground and not to venture onto the playground itself — as the rubberized surface of the playground was icy and the equipment was covered with snow.  Less than one minute after exiting the school for the scheduled outdoor recess, plaintiff, in an effort to avoid a collision with a fellow classmate, jumped onto a double slide located on the playground, slipped, fell and fractured her upper left arm.

Plaintiff thereafter commenced this negligence action against defendant.  As amplified by her bill of particulars, plaintiff alleged that defendant was negligent in supervising its students and, further, in failing to maintain its property in a reasonably safe condition.  Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint.  Supreme Court granted defendant's motion as to the negligent supervision claim, but denied the motion as to the premises liability claim — finding a question of fact as to whether defendant had maintained the playground in a reasonably safe condition.  The parties cross-appeal.

Contrary to plaintiff's assertion, Supreme Court properly granted defendant's motion for summary judgment dismissing the negligent supervision claim.  To be sure, "[s]chools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Conklin v Saugerties Cent. Sch. Dist., 106 AD3d 1424, 1425 [2013] [internal quotation marks and citations omitted]; accord LaValley v Northeastern Clinton Cent. Sch. Dist., 130 AD3d 1276, 1276 [2015]).  The case law makes clear, however, that schools are not insurers of their students' safety (see Lewis v Board of Educ. of the Lansingburgh Cent. Sch. Dist., 137 AD3d 1521, 1522 [2016]; Conklin v Saugerties Cent. Sch. Dist., 106 AD3d at 1425); rather, schools need only "exercise the same degree of care as would a reasonably prudent parent placed in comparable circumstances" (Lewis v Board of Educ. of the Lansingburgh Cent. Sch. Dist., 137 AD3d at 1522 [internal quotation marks and citation omitted]; see Hofmann v Coxsackie-Athens Cent. School Dist., 70 AD3d 1116, 1117 [2010]; Wagner v Oneonta School Dist., 68 AD3d 1516, 1516-1517

[2009]).  Where, as here, the underlying accident "occurs in so short a span of time that even the most intense supervision could not have prevented it, lack of supervision is not the proximate [cause] of the injury and summary judgment in favor of the school defendant is warranted" (Lopez v Freeport Union Free School Dist., 288 AD2d 355, 356 [2001] [internal quotation marks, brackets and citations omitted]; see Doyle v Binghamton City School Dist., 60 AD3d 1127, 1128 [2009]; Bellinger v Ballston Spa Cent. School Dist., 57 AD3d 1296, 1297-1298 [2008], lvs denied 12 NY3d 704, 878 [2009]; Ronan v School Dist. of City of New Rochelle, 35 AD3d 429, 430 [2006]; Siegell v Herricks Union Free School Dist., 7 AD3d 607, 609 [2004]).

Here, defendant's expert, an administrator with 25 years of experience in primary school education, opined that defendant's student-to-monitor ratio was more than adequate for purposes of supervising the children during recess and, further, that the lunch monitor otherwise provided reasonable and adequate supervision on the day in question.  Even assuming, however, that the record as a whole was sufficient to raise a question of fact on this point, summary judgment dismissing the negligent supervision claim nonetheless was appropriate, as plaintiff's own testimony demonstrates that the alleged lack of supervision was not the proximate cause of her injuries.  According to plaintiff, as soon as the school doors opened, she and two of her friends ran outside in the general direction of the playground.  While running on the blacktop area adjacent to the playground, plaintiff's friends veered off toward an area where the students could play kickball.  Plaintiff apparently continued toward the playground and, when one of her friends called her name, plaintiff looked away from her direction of travel.  At this point, plaintiff, who by her own admission "wasn't paying attention," nearly collided with another classmate — prompting plaintiff to "r[u]n around [her classmate] so that . . . [she] didn't bump into him and fall down."  Plaintiff then realized that she was about to trip over the end of a double slide located on the playground; to avoid tripping, plaintiff followed her "quick instinct" and "jumped up on the bottom of the slide," whereupon she slipped on the snowy and icy surface, fell and broke her arm.  By her own estimate, plaintiff's fall occurred approximately 45 seconds after she exited the school building.

In light of plaintiff's testimony as to the manner and time span in which her accident occurred, we are of the view that "no amount of supervision" could have prevented plaintiff's accident and resulting injuries (Spaulding v Chenango Val. Cent. School Dist., 68 AD3d 1227, 1229 [2009], lv denied 14 NY3d 707 [2010]; see Ronan v School Dist. of City of New Rochelle, 35 AD3d at 430). Accordingly, defendant was entitled to summary judgment dismissing the negligent supervision claim.[1]

We reach a similar conclusion with regard to plaintiff's premises liability claim. To prevail on its motion for summary judgment, defendant was required to "establish as a matter of law that it maintained the [playground] in question in a reasonably safe condition and that it neither created the allegedly dangerous condition existing thereon nor had actual or constructive notice thereof" (Reid v Schalmont School Dist., 50 AD3d 1323, 1324 [2008] [internal quotation marks, brackets and citations omitted]; accord Gerfin v North Colonie Cent. School Dist., 41 AD3d 1085, 1086 [2007]). To that end, defendant tendered, among other things, an affidavit from its expert, wherein the expert opined that the subject playground "was maintained in an appropriate condition." Specifically, defendant's expert stated that it was entirely permissible "to allow children to play outside on the snow as long as [they had] appropriate footwear" and that it was "well within the standard

---

[1] Plaintiff also contends that she was not provided with adequate instructions on the day of her accident — specifically, a directive to stay off of the playground equipment. As noted previously, the lunch monitor testified that she was absolutely certain that she told the children — including plaintiff — that they were to remain on the blacktop and were not allowed to venture onto the playground itself. In her affidavit in opposition, plaintiff acknowledged that the monitor "gave . . . some instructions," but she could not recall the precise nature of those instructions. Although plaintiff primarily raises this issue in the context of her premises liability claim (see infra), we are of the view that this argument is part and parcel of plaintiff's negligent supervision claim, which, as already discussed, fails for lack of causation.

of care" for defendant to allow such activity — noting that "[c]hildren are allowed to play in the snow at nearly every elementary school in this area."  More to the point, defendant's expert opined that there was "no requirement or obligation for [defendant] to clean snow and ice off of the playground surface" — a task that would have been "nearly impossible" due to the rubberized surface material.  With respect to the playground equipment itself, defendant's expert concluded that, inasmuch as plaintiff and her classmates were instructed not to use such equipment, defendant was not required to clear the equipment of snow and ice.[2]  Such proof was, in our view, sufficient to discharge defendant's initial burden on its motion for summary judgment.

As to the sufficiency of plaintiff's proof in opposition, plaintiff did not provide a competing expert affidavit or otherwise tender sufficient admissible proof to raise a question of fact as to defendant's snow removal obligations — or the adequacy of its efforts — relative to the playground itself.  Rather, both in response to defendant's motion and in her brief on appeal, plaintiff has offered nothing more than her unsubstantiated assertion that defendant was required to remove all snow and ice from its playground.  To the extent that the equipment located on the playground may be viewed as an independent component of plaintiff's premises liability claim, we nonetheless are persuaded that such claim should be dismissed.  Even assuming, without deciding, that plaintiff and her classmates were not told to stay off of the playground equipment on the day in question, thereby calling into question the validity of the opinion offered by defendant's expert as to the need to clear such equipment of snow and ice in the first instance, the fact remains that plaintiff's accident was — by her own admission — the result of her inattentiveness while "running around with [her] friends" during recess.  That inattentiveness, in turn, resulted in a near collision with another student who,

_____

[2]  As noted previously, defendant's lunch monitor testified that she was 100% sure that she told the children — including plaintiff — that they were to remain on the blacktop and were not allowed to venture onto the playground.

according to plaintiff, "ran in front of [her]"; in response, plaintiff elected to jump onto the base of the double slide in order to avoid the collision — despite observing snow on portions of the playground and "some snow up by the top of the slides." Under these circumstances, plaintiff's premises liability claim cannot stand, and Supreme Court should have granted defendant's motion for summary judgment dismissing the complaint in its entirety.

Garry, J.P., Lynch, Devine and Mulvey, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion for summary judgment dismissing plaintiff's premises liability claim; motion granted in its entirety and complaint dismissed; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court