Beninati v City of Troy (2018 NY Slip Op 05254)





Beninati v City of Troy


2018 NY Slip Op 05254


Decided on July 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 12, 2018

526009

[*1]NICHOLAS BENINATI, an Infant, by GEORGE BENINATI, His Parent, et al., Plaintiffs,
v
CITY OF TROY, Defendant and Third-Party Plaintiff- Respondent, et al., Defendant; NEW JERSEY DEVILS, LLC, et al., Third-Party Defendants- Appellants.

Calendar Date: June 1, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Rumsey, JJ.


Roemer Wallens Gold & Mineaux LLP, Albany (Amanda D. Twinam of counsel), for third-party defendants-appellants.
Cabaniss Casey LLP, Albany (Alexandra M. George of counsel), for defendant and third-party plaintiff-respondent.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from an order of the Supreme Court (McNally Jr., J.), entered March 1, 2017 in Rensselaer County, which, among other things, denied third-party defendants' motion for summary judgment dismissing the third-party complaint.
In March 2013, plaintiff Nicholas Beninati (hereinafter Beninati) (born in 2000) was [*2]injured during a youth ice hockey event when a defective locker room bench tipped forward propelling him to the floor. The incident occurred during a break between two games Beninati's team was playing at a hockey facility owned by defendant City of Troy (hereinafter defendant). Beninati, through his father, plaintiff George Beninati, commenced this negligence action against defendant, alleging defendant failed to maintain the facility in good repair. Defendant, in turn, commenced a third-party action against third-party defendants contending that they breached their duty to supervise Beninati [FN1]. Pertinent here, third-party defendants moved for summary judgment dismissing the third-party complaint on the sole ground that the incident occurred while Beninati was in the custody and control of his father and, thus, they owed no duty to plaintiffs. Supreme Court denied the motion and third-party plaintiffs appeal.
We affirm. Where a child participates in an athletic activity, such as the youth hockey program involved here, we recognize that the team and its coach owe a duty of care to adequately supervise the child while participating in the event (see Pratt v Robinson, 39 NY2d 554, 560 [1976]). That custodial duty, however, ceases once the child is returned to the care and control of his or her parent (see id.). "A plaintiff claiming negligent supervision must demonstrate both that the defendant breached its duty to provide adequate supervision [as would a reasonably prudent parent placed in comparable circumstances], and that this failure was the proximate cause of the plaintiff's injuries" (Bellinger v Ballston Spa Cent. School Dist., 57 AD3d 1296, 1297 [2008] [citation omitted], lv denied 12 NY3d 704, 878 [2009]; see Doyle v Binghamton City School Dist., 60 AD3d 1127, 1128 [2009]; Gray v South Colonie Cent. School Dist., 64 AD3d 1125, 1128 [2009]).[FN2]
The pivotal question presented is whether Beninati was in the custody of his father or the coach at the time that he was injured. The record indicates that the first game ended around noon. In his deposition, Beninati explained that the coach instructed the players to "[g]o eat lunch," without further direction. For his part, the coach maintains that he also advised the players to meet back in the locker room, equivocally explaining, "Most games it's one hour before. I know the time frame was shorter because it was our second game of the day. So I'm guessing it was a half-hour to 40 minutes, but I don't recall without looking at a schedule what time the games were." There is no dispute that the players had lunch at an adjacent restaurant with their parents. After finishing lunch, which Beninati estimated took "probably a half-hour," he informed his father that he was returning to the locker room with his teammates. The players first returned to the assigned locker room, but then went to another locker room where several players began a game of "minihockey." It was while Beninati was observing this game that the bench fell forward, resulting in his injury.
Plaintiffs maintain that the incident occurred at about 1:00 p.m., and there is inconsistent testimony as to whether the second game began at 1:30 p.m., 2:00 p.m. or 3:00 p.m. [*3]Cumulatively, the variable timeline testimony raises a question of fact as to whether the incident occurred during the time frame that the coach had instructed the players to return to the locker room. Notably, the coach permitted the players to play "minihockey" in between games, but acknowledged that he would have intervened if they were playing in an unauthorized area. Under these circumstances, we agree with Supreme Court that a question of fact exists as to whether the coach's obligation to supervise had resumed by the time Beninati was injured. This is so even though the coach was outside in the parking lot at the time of the incident (see Pratt v Robinson, 39 NY2d at 560; Duffy v Long Beach City Sch. Dist., 134 AD3d 761, 764 [2015]). Accordingly, we find that Supreme Court properly denied third-party defendants' motion for summary judgment.
McCarthy, J.P., Devine, Clark and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1:Third-party defendant New Jersey Devils, LLC operated the youth hockey team on which Beninati was a goalie, and third-party defendant Thomas Van Doren was Beninati's coach.

Footnote 2:We note that third-party defendants raised no argument as to proximate cause either before Supreme Court or in their main brief. Consequently, that factor is not before us on this appeal.