Powers v Greenville Cent. Sch. Dist. (2019 NY Slip Op 01477)





Powers v Greenville Cent. Sch. Dist.


2019 NY Slip Op 01477


Decided on February 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 28, 2019

526991

[*1]MARIANNE POWERS, Individually and as Parent and Guardian of ALEXANDRA POWERS, an Infant, Appellant,
v
GREENVILLE CENTRAL SCHOOL DISTRICT et al., Respondents.

Calendar Date: January 16, 2019

Before: Garry, P.J., Clark, Mulvey, Aarons and Rumsey, JJ.


LaFave Wein & Frament, PLLC, Guilderland (Paul H. Wein of counsel), for appellant.
Maynard, O'Connor, Smith & Catalinotto, LLP, Albany (Robert A. Rausch of counsel), for respondents.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from an order and judgment of the Supreme Court (Fisher, J.), entered November 8, 2017 in Greene County, which, among other things, granted defendants' motion for summary judgment dismissing the complaint.
Plaintiff commenced this negligence action for personal injuries allegedly sustained by her daughter (hereinafter the infant) after she was struck in the eye by a ball while playing a modified lacrosse game in her physical education class at one of defendants' schools. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint and plaintiff cross-moved for partial summary judgment on the issue of liability. Supreme Court granted defendants' motion and denied plaintiff's cross motion. Plaintiff now appeals.
"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49 [1994]; see Flanagan v Canton Cent. School Dist., 58 AD3d 1047, 1047 [2009]; Malik v Greater Johnstown Enlarged School Dist., 248 AD2d 774, 775 [1998]). A school owes a duty "to exercise such care . . . as a parent of ordinary prudence would observe in comparable circumstances" (Mirand v City of New York, 84 NY2d at 49 [internal quotation marks and citation omitted]). Whether a school fulfilled its duty and whether any breach of such duty proximately caused the alleged injuries are generally issues for a jury to resolve (see Wood v Watervliet City School Dist., 30 AD3d 663, 664 [2006]).
In our view, the record discloses a triable issue of fact regarding defendants' negligence. According to the physical education teacher who was supervising the students at the time of the [*2]accident, the students were playing a modified version of lacrosse known as "soft lacrosse," wherein they used different equipment as compared to what was used in interscholastic sports — specifically, lighter, softer and shorter sticks with softer webbing and deep pockets. The physical education teacher stated in his affidavit that the ball for soft lacrosse was softer than what was used in traditional lacrosse games and was "air filled . . . that easily compress[ed] when squeezed." The director of athletics stated in his affidavit that the version of lacrosse played in a physical education class was "extremely different" than the type of lacrosse played in interscholastic sports and that, because of its modified version, protective eyewear was unnecessary. He further stated that the handbook of the New York State Public High School Athletic Association applied only to formal interscholastic competition between two schools' teams and not to physical education classes. Defendants' expert similarly opined that eye goggles were not required for the soft lacrosse game that the infant was playing in her physical education class and that the New York State Public High School Athletic Association's handbook was inapplicable.
Meanwhile, plaintiff's expert opined that, based upon the equipment used by the students, they were not playing "soft lacrosse" and, therefore, protective eyewear was necessary for the infant. Plaintiff's expert stated that the stick used by the students was a regular hard stick with netting and not a stick with a plastic head. Furthermore, the infant testified in her deposition that a "plastic" orange safety ball was being utilized at the time of the accident.
Based on the foregoing, we find that a triable issue of fact exists as to the nature of the lacrosse game played by the students and whether protective goggles should have been used by the students based upon the game they were playing. Furthermore, under the circumstances of this case, a jury must determine whether defendants' breach of their duty to provide protective goggles was a proximate cause of the infant's eye injury (see Vonungern v Morris Cent. School, 240 AD2d 926, 927 [1997]). Accordingly, Supreme Court erred in granting defendants' motion for summary judgment (see Lewis v Board of Educ. of the Lansingburgh Cent. Sch. Dist., 137 AD3d 1521, 1523 [2016]; Oakes v Massena Cent. School Dist., 19 AD3d 981, 982 [2005]; Clark v Susquehanna Val. Cent. School Dist., 19 AD3d 926, 928 [2005]; compare Bellinger v Ballston Spa Cent. School Dist., 57 AD3d 1296, 1298-1299 [2008], lvs denied 12 NY3d 704, 878 [2009]). For similar reasons, we also find that plaintiff is not entitled to summary judgment on the issue of liability and that her cross motion was correctly denied.
Garry, P.J., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the order and judgment is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment; said motion denied; and, as so modified, affirmed.